CHARLES BARNES, APPT. *v.* PHILANDER HANKS' ADMR.

### *Will. Codicil.*

The will contained the following : "If there should be anything remaining of my es-
tate after paying the above legacies, then it is my will that there be paid to the
children of the said Martha who may be then living, a sum not to exceed two
hundred dollars each, and that the residue and remainder of my estate be di-
vided equally to such of my grandchilden as may be living at the time of such
division."

The codicil provided : " It is further my will that each of the children of my daughter,
Martha Scott, have five hundred dollars out of my estate, *in addition* to the
amount given to them in my said will."

*Held,* that the legacies given by the codicil were cumulative or added legacies, and
subject to all the conditions of the previous legacies.

APPEAL from the order of distribution of the estate of Philander
Hanks made by the Probate Court for the District of New Haven.
Heard, December Term, 1882, POWERS, J., presiding.　Order *pro
forma* affirmed.　The will was dated September 25th, 1878; the
codicil, February 8th, 1881.　Martha Scott was the mother of
four children.　After paying what was due the widow, who waived
the provisions in the will, there were left $3,362.66, to be divided
between eighteen legatees, if the children of Martha Scott were
included, all whose legacies amounted to $8,600, calling the lega-
cies of Martha Scott's children $500 each.　The order of the
Probate Court included the children of Martha Scott, and their
legacies were called $500 each.　The other facts are stated in the
opinion.

*Hard & Safford,* for the plaintiff.

In the distribution of the personal estate of the testator, Novem-
ber 22, 1882, the Probate Court, although the personal estate was
*insufficient, by more than* $3,000, to pay the absolute and uncondi-
tional legacies given in the will treated the legacies given in the
codicil to the children of Martha Scott, as *absolute and uncondi-*

*tional,* and upon this basis distributed the personal estate between *all* the legatees, *pro rata.*

Whether the legacies of $500 given in the codicil to the children of Martha Scott are to be considered as absolute, so as to place these children, as respects these legacies, on equal footing with the unconditional legatees in the original will, or are to be treated as *subject to the same condition* as the legacies given in the will to these same children, viz.: the sufficiency of the estate to pay more than the absolute legacies, is the question to be determined. It is often a question whether a legacy bequeathed by a codicil is payable out of the same fund, or is subject to the same restrictions, as a legacy bequeathed to the same person by the will. If the second legacy is expressly given upon the same conditions, &c., of course the affirmative does not admit of doubt; and the same construction prevails where the legacy by codicil is expressed to be in *addition to,* or in substitution for, the legacy given by the will. 1 Jar. Will, (5th Ed.), 186 ; *Crowder* v. *Clowes,* 2 Ves. Jr. 449; 2 Redf. Wills, (2 Ed.), 202.

*J. H. Lucia,* for the defendant.

The children of Martha Scott are entitled to a legacy of $500 each, or to share *pro rata* with the other legatees. A codicil is part of the will. 2 Ves. Sen. 242; 4 Brown Ch. Cas. 55 ; 4 Ves. 610 ; 1 Redf. Wills, 288. If there be a latter clause repugnant to a former so that one must be rejected, the latter must prevail. 4 Mass. 215; 2 Pick. 463; 2 Jar. Wills, 524; 2 Mass. 56 ; 11 Pick. 257 ; 18 Ib. 460 ; 2 Met. 194; 3 Cush. 372 ; *Richardson* v. *Paige,* 54 Vt. 373. Words favorable to the claims of a legatee are to be liberally and beneficially construed. 6 Mass. 169 ; 2 Redf. 109, n. ; 1 Cush. 118. As to the construction to be given the words, "*in addition to,*" see 2 Jar. Wills, Rule 18, p. 527.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an appeal taken from an order of distribution of the estate of Philander Hanks, made by the Probate Court. On the 25th of September, 1878, Philander Hanks

executed his will, and on the 8th of February, 1881, he executed a codicil to that will.   He disposed of his estate by his will in general legacies to his wife, children and grandchildren.   After giving to his daughter Martha Scott and the heirs of her body the sum of $3,000, he added that:

" If there should be anything remaining of my estate after paying the above legacies, then it is my will that there be paid to the children of the said Martha, who may be living, a sum not to exceed two hundred dollars each, and that the residue and remainder of my estate be divided equally to such of my grandchildren as may be living at the time of such division."

In the codicil an additional legacy is given to the children of Martha Scott in the following words : " It is further my will that each of the children of my daughter, Martha Scott, have five hundred dollars out of my estate, *in addition* to the amount given them in my said will."   The Probate Court treated the legacies given by the codicil as general unconditional legacies, and by its order of distribution placed them upon an equality with the legacies given by the will to other legatees.   If the legacy given by the codicil is held to be subject to the condition upon which the legacy given by the will was to become payable, there was error in the order.

A codicil is regarded as a part of the will ; and the will and codicil are to be construed as one instrument ; and a codicil should be so construed, if it can be fairly done, as to make it harmonize with the purposes declared in the body of the will.   1 Redf. on Wills, 288, and cases cited.   In *Crowder* v. *Clowes*, 2 Ves. Jr. 449, the testator by a codicil gave to his niece the further sum of two hundred pounds in addition to what he had given her by his will ; and the question was, out of what fund, and upon what conditions, the legacy given by the codicil should be paid.   The Master of the Rolls says that: " As to codicils, Lord THURLOW has determined that substituted and added legacies shall be raised out of the same fund and subject to the same conditions " ; and it was so held in that case.   The legacies given by the codicil to the children of Martha Scott were cumulative or added legacies.   In *May* v. *May*, 19 Weekly Reporter, 432, it was held that an addi-

tional legacy is subject to all the conditions attached to the previous legacy unless there are express words to the contrary. There are no such words in this codicil. It appears that the testator made more liberal provision for his daughter, Martha, and the heirs of her body, than he did for his other children and grandchildren; hence, he made the legacies to the children of Martha conditional upon there being any estate after the payment of the legacies given to others. The presumption is that the testator, when he executed his will, believed that his estate would be ample to pay all the legacies; when he executed the codicil he may have thought that there would be a residue to be divided among his grandchildren, and desired to give the children of Martha a larger proportion of that residue than was given them by the will, and so gave them the added legacy.

It cannot be ascertained with certainty from the will and codicil what the intention of the testator was; and there is very little aid that can be derived from any circumstances shown by the record. It cannot be found that it was the intention of the testator by the codicil to cut down the general and unconditional legacies that he had given to his wife, children and other grandchildren for the benefit of the children of Martha Scott. The words, " in addition to," we think were intended by the testator, and must be construed, as making the legacies given by the codicil subject to the condition upon which the legacy given by the will was to become payable.

The judgment of the County Court and the order of the Probate Court are reversed, and the cause is certified back to the Probate Court.