## B. W. Estey v. Lawrence W. Leveille

[128 A2d 319]

November Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.**

Opinion Filed January 2, 1957.

*Ezra S. Dike* for the petitioner.

*Lawrence H. Deshaw* for the petitionee.

**Jeffords, C. J.** This is a petition brought to the county court under the provisions of V. S. 47, §2163 to have stricken off a default judgment rendered against the petitioner by a justice of the peace and to have his case heard and determined by the county court. The ground of the petition is that the petitioner was unjustly deprived of his day in court by fraud, accident or mistake. The petition was denied with exceptions to the petitioner.

There was undisputed evidence that the justice writ was returnable June 27, 1955; that a hearing on the case was set by the justice for July 11, 1955 and that the hearing was continued to July 27, 1955. The justice testified that he sent a notice of the continuance to counsel for the petitioner in a letter addressed to him dated July 12, 1955.

Counsel for the petitioner in statement made to the court said that he did not receive the notice of July 12 and did not know that the default judgment had been entered until an officer "presented my client with an execution." He offered to repeat these statements under oath but was told by the court that this would not be necessary.

■ When a letter, properly addressed, is mailed there is a presumption of its receipt in due course. *Mary Fletcher Hospital* v. *City of Barre*, 117 Vt 430, 431, 94 A2d 226; *Barnet* v. *Norton*, 90 Vt 544, 550, 98 A 238. We will assume, without so deciding, that the testimony of the justice that he "sent" a notice of continuance was sufficient to show it was mailed. The court made no findings but we will assume from the result it reached that it impliedly found this to be so. See *Fitzgerald Land & Lumber Co.* v. *Prouty & Miller*, 90 Vt 363, 368, 98 A 918.

■ The presumption of its receipt is a rebuttable presumption. It alone contributes no evidence and has no probative value. It disappears when facts appear; and facts are deemed to appear when evidence is introduced from which they may be found. *Smith* v. *Grove*, 119 Vt 106, 111, 112, 119 A2d 880; *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt 6, 23, 24, 192 A 184, 115 ALR 392.

It is apparent from the transcript and from the bill of exceptions that the county court treated the statement of counsel for the petitioner denying receipt of the notice of continuance as evidence to be considered by it in deciding the case. We so treat it.

■ The power of the court to act under §2163 is by the statute made discretionary. It must exercise a sound, judicial discretion in determining whether a case within the statute is made out. An exception to the action of the court lies when its findings express or implied are without evidence fairly and reasonably tending to support them. *Fitzgerald Land & Lumber Co.* v. *Prouty & Miller*, supra. The only evidence in the present case is that the letter containing the notice of continuance was not received by counsel for the petitioner. It follows that the action of the court in denying the petition was erroneous.

*The judgment denying the petition is reversed. The prayer in the petition that the default judgment be stricken and that the case be heard and determined by the county court is granted.*