### Philip Joyce v. Parts Rebuilders, Inc. et al

[147 A2d 683]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*Fitts & Olson* for the defendants.

*Edward A. John* for the plaintiff.

**Hulburd, J.** The defendants were defaulted in Brattleboro Municipal Court. They are here on their exceptions to the court's refusal to grant their motion to strike the default. We are asked to pass upon the discretion of the court below in ruling as it did. This means that we must examine in detail the situation which gave rise to the court's ruling, for it is the essence of discretion that it be sound when viewed in the light of surrounding circumstances.

The action is one of tort growing out of an automobile accident. It is alleged by the plaintiff that a motor vehicle belonging to the defendant-corporation was negligently operated by defendant Nichols, its employee, resulting in the property damage for which recovery is sought. The defendant,

Parts Rebuilders, Inc., is a Massachusetts corporation, and defendant Nichols is a resident of that state. The accident is alleged to have occurred on January 15, 1958.

When Nichols came again into Vermont with his employer's truck on April 8, 1958, he found waiting for him a writ issuing out of the Brattleboro Municipal Court. Not only was it served upon him personally but service was made as well by attachment of the truck of the defendant Parts Rebuilders, Inc. The officer making the attachment took the truck into his possession and served a copy of the process upon Nichols as the only known agent of the defendant-owner in the State of Vermont. About an hour later, on the same day, the truck was released under some sort of unspecified guaranty arrangement which came about after Nichols had apparently telephoned his superior of the attachment. The writ, which had been thus served, notified the defendants to appear in Brattleboro Municipal Court on the 21st day of April 1958 at 9:00 in the forenoon. When the day and hour arrived, neither of the defendants had appeared in accordance with the direction in the writ. Thereupon, a little later in the forenoon of that day, the plaintiff orally moved for judgment by default. This was granted. Thereafter, at about 3:45 P. M. on the same day, the attorneys for the defendants were contacted by telephone by Sullivan and Gregg, a New Hampshire law firm. From them Vermont counsel learned that notice of the suit had been circuitously relayed through an insurance company which had the coverage on the motor vehicle in question and that they wanted the Vermont law firm to look after the case. As a result of this call, these latter attorneys at once inquired into the matter and learned from the court that the plaintiff that morning had taken a default judgment. This had been granted by the court upon a motion orally made in open court shortly after the return time specified in the writ. Upon hearing this, Vermont counsel immediately prepared a motion to strike the default in behalf of the defendants. This was filed on the afternoon of the same day.

When the motion to strike came on for hearing, the court below had before it all of the facts which we have recited.

The plaintiff resisted the motion on two grounds: one, that "the defense has been dilatory", and, two, "that the same strict appliance of the rule should be made in this case as was made in the previous one."

There can be no doubt but that the defendants were late in entering an appearance,—late by a few hours. On the other hand, it is equally clear that the court was premature in entering a default.

■ The second paragraph of Rule II of the Municipal Court Rules provides: "Parties other than plaintiffs shall enter their appearances before twelve o'clock of the return day and on failure so to do the court will on motion enter their default." Since, in this case, the court entered the default in the forenoon of the return day before a failure to enter an appearance under the rule had occurred, it has left itself in the uncomfortable position of seeing the mote in his brother's eye without considering the beam in its own. Moreover, when counsel for the plaintiff referred to the court's action in some previous case, he was attempting to bring to bear a factor entirely alien to a proper consideration of the motion. Discretion is to be exercised in view of the peculiar circumstances of a particular case. It is not a matter of rule-of-thumb.

■ Municipal Court Rule XI on defaults is also of interest here. It reads: "When a default is entered in an action, it shall not be stricken off *after the day upon which it is entered* (emphasis supplied) except upon notice to the adverse party * * * * * " It is at once apparent that, in the circumstances of the present case, the municipal court could have stricken off the default without even giving notice to the plaintiff. We call attention to this fact because we think it clearly indicates that where a motion to strike is made on the same day that a default is entered, the rule contemplated that the motion should be liberally entertained. With no claim before the court that the plaintiff would be prejudiced by granting the motion, the court's action in denying it was a failure to give effect to the will of the law as expressed in its own rules. Its attitude was arbitrarily rigid. All this we think, in view of the circumstances of the case, amounted to an abuse of discretion. It

was manifestly unfair to foreclose these defendants from their day in court, when they believe, as they stated they did, that they have a valid defense to the plaintiff's complaint both as to liability and damages. We have been unable to find any cases sufficiently approximating the situation before us to make their citation and review of assistance. The result, however, is none the less indicated.

*Defendants' exceptions to the denial of their motion to strike are sustained, cause remanded with directions that the defendants be given leave to appear and answer the plaintiff's complaint within twenty days.*