## Frank L. Childs, Jr. d/b/a Childs Construction Company v. Herbert Hart

[303 A.2d 139]

No. 170-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*William M. McCarty, Esq.*, Brattleboro, for Plaintiff.

*Williams, Witten & Carter*, Bennington, for Defendant.

**Barney, J.** The defendant was defaulted in an action commenced by publication. The judgment order was filed April 6, 1972. On April 19, 1972, an appearance was entered on behalf of the defendant, followed by a motion, filed April 29, 1972, to set aside the default judgment and reopen the merits of the matter under D.C.C.R. 60 (V.R.C.P. 60(b)). A prompt hearing was had and the lower court denied relief. This appeal followed.

Since a default judgment, by its nature, is one imposed without an opportunity for the defendant to be heard in his

own defense, its imposition is carefully qualified. D.C.C.R. 54 and 55 (V.R.C.P. 54(c) and 55), as well as 60(b), carefully spell out default procedures and may be taken as expressions of the underlying concern for the substantive rights of litigants affected by such unilateral orders.

The defendant was apparently a Netherlands resident. It was on this basis that the plaintiff supported his request for an order of notice by publication. It must be recognized that putting a notice in a Vermont newspaper is not necessarily the most efficacious method of getting prompt word to the Netherlands, even though justified by statute. However, there was basis in the case to determine that the defendant did have some actual notice of the proceeding prior to the default and tried to contact local counsel. Apparently this attempt failed through some shortage in mail delivery between the Netherlands and Vermont, resulting in the belated appearance of Vermont counsel.

With the requirements of due process favoring the right of the defendant to be heard in his own defense, denial of that right, and rejection of the remedies for default, must have strong support. There is no question but that where the default is generated by a capricious disregard of legally adequate notice, or a deliberate attempt to invoke delay for personal gain or to impose a loss upon the other party, the trial court is then properly justified in denying access to the default relief process. However, where the matter can be repaired by resort to the rules, there is no jurisdictional obstacle to reopening the proceedings. Where the application for default is justifiably contested, or where resort to these remedial rules to relieve from default has any recognizable validity the exercise of a court's discretion in favor of default must be of guarded application. If the rules are complied with, having in mind their remedial purpose, coupled with their standard of liberal construction, a showing of reasons consistent with the rules ought to incline a court to allow the requested contested proceedings absent culpable negligence or deliberate purpose to delay. It is proper for courts, in such situations, to be indulgent in opening decrees entered on default. *Philbrick* v. *Johnson,* 91 Vt. 270, 275, 100 A. 110 (1917).

In this case the application of the defendant for relief under D.C.C.R. 60 (V.R.C.P. 60(b)) came to the court only some 23 days after the filing of the judgment order, although the applicable rule allows a year for filing such motions. Furthermore, D.C.C.R. 62 (V.R.C.P. 62(b)) contemplates the suspension of execution for a one year period for the same purpose. The motion filed asserted a total defense to the action and judgment and supports the defendant's claim for relief under the provisions of D.C.C.R. 60 (V.R.C.P. 60(b)) by reference to the lack of personal notice to the defendant and the failure of mail service between him in the Netherlands and his Vermont attorney. These considerations the lower court apparently found unpersuasive on hearing, seemingly resting its decision entirely on the plaintiff's compliance with the procedures for giving notice by publication.

■ These actions and rulings below are in no way as arbitrary, abrupt and improper as those involved in *Joyce* v. *Parts Rebuilders, Inc.*, 121 Vt. 69, 71, 147 A.2d 683 (1959). However, this Court is agreed that a fair consideration of the equities advanced, coupled with the demands of due process and policy favoring relief, if justified, from default judgments, sufficiently undermine the result reached here to require its reversal as an unsupportable and abusive exercise of discretion. *Estey* v. *Leveille,* 119 Vt. 438, 439, 128 A.2d 319 (1957). This result is underscored by the defendant's categorical acknowledgment of his submission to personal jurisdiction in the further development of this case. In that the provisions of D.C.C.R. 60 (V.R.C.P. 60(b)) so provide, and justice and fairness so dictate, the striking of the judgment of default will be accompanied by an order imposing terms.

*The judgment order is set aside and the cause is reopened for hearing on the merits, conditioned on the payment by the defendant of the costs now incurred in this Court, and a further payment by the defendant to the plaintiff of One Hundred Dollars, to apply on other costs and attorney's fees, all within thirty days of remand, affirmance of the judgment below to follow failure to comply with this order.*