Richard S. Pope v. Birchwood Manor Corporation

[367 A.2d 674]

No. 303-75

Present: Barney, C.J., Daley, Larrow, Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

*Edward J. Cashman,* Burlington, for Plaintiff.

*Gravel, Shea & Wright,* Burlington, for Defendant.

**Larrow, J.** A contract action below, commenced by the plaintiff-appellant Pope, resulted in a counterclaim sounding in tort. Some fourteen months after the action was commenced, plaintiff's attorney filed a motion for leave to withdraw. Ten weeks later the motion came on for hearing, and was granted from the bench, with plaintiff, then present, allowed seven days to retain new counsel. Four days later, on March 25, 1975, written notice was sent the plaintiff by the clerk. By formal written order filed April 3, the previous ruling was confirmed, with a provision in the order that the case would be set for hearing on the merits as soon thereafter as possible, whether plaintiff was represented or not. On April 4, 1975, the case was set for hearing in the week of April 7. On the evening of April 8, 1975, plaintiff, who had been unable to secure new counsel, met with a representative of the defendant (not its attorney) at a local motel, and they agreed to a settlement of both the suit and the counterclaim, executing a handwritten memorandum of settlement and agreeing to meet at the office of defendant's attorney the next morning to have prepared, and to execute, more formal documents. The parties met as agreed, had the documents drafted, and executed them. They comprised a Memorandum of Settlement, a stipulation for dismissal of the plaintiff's action with prejudice, and a stipulation that, in the counterclaim, a judgment of nullity be entered as to a purported deed from defendant to Colchester Meadows Corporation, and that the balance of the counterclaim be dismissed with prejudice. No claim is made that these documents did not embody the agreement arrived at the previous evening.

The day the agreements were executed, they were presented to the court, where the case had been reached for trial, by the plaintiff Pope, appearing *pro se,* and by defendant's attorney. Plaintiff was interrogated by the court, and expressed full satisfaction with the settlement. A judgment order embodying its terms was drawn, approved by plaintiff *pro se* and defendant's attorney, and entered.

On August 19, 1975, plaintiff, through his new attorney, filed a motion under V.R.C.P. 60(b) to vacate the April 9, 1975,

judgment, claiming, in substance, that he had been deprived of effective assistance of counsel in settlement of the action, and induced thereby to pay $25,000 for stock the defendant knew was worthless and which was not even the property of defendant. He places his reliance upon V.R.C.P. 79.1(g), relating to notifying a party when his counsel has been granted leave to withdraw. That subsection reads as follows:

(g) Same: Notification of Party. When an attorney has been granted leave to withdraw his appearance, the clerk shall notify the party forthwith, by mail, of such withdrawal, and inform said party that unless he appears *pro se* or by attorney within thirty days after receipt of such notification, the action will be dismissed or defaulted, as the case may be.

The trial court, with a different presiding judge, heard the motion, ruled that there was no evidence of fraud or coercion inducing the plaintiff to agree as he did, and denied his motion to vacate. Plaintiff does not brief any error in this finding, except to argue that the improper notice given by the trial court in effect amounted to coercion as a matter of law. We disagree.

The original leave to withdraw was evidently upon the asserted ground of clash of personalities between client and attorney. Appellant questions the sufficiency of this cause. We incline to consider the cause sufficient and within the discretion of the court, but we need not so hold, because the case had not yet been set for trial, and "good cause" is a required showing only after a case is so set. V.R.C.P. 79.1(f).

His second argument has more force. Without question, under V.R.C.P. 79.1(g), above quoted, the trial court should have allowed appellant the specified thirty days within which to obtain new counsel. Its refusal to do so was error.

It does not follow, however, that the error is grounds for reversal of the order here appealed from. Appellant relies heavily upon several of our decided cases, dealing with an expressed liberal policy in setting aside default judgments or judgments *nil dicit*, where there is appearance but no contest. Such cases include *Childs Construction Co.* v. *Hart*, 131 Vt.

241, 303 A.2d 139 (1973), involving service on a Netherlands resident by publication in a Vermont newspaper; *Estey* v. *Neveille*, 119 Vt. 438, 128 A.2d 319 (1957), notice of trial which never reached counsel; *Joyce* v. *Parts Rebuilders, Inc.*, 121 Vt. 69, 147 A.2d 683 (1959), relating to premature entry of default judgment; and *Wellington* v. *Wellington*, 124 Vt. 401, 205 A.2d 568 (1964), where a party's presence at the hearing was prevented by the other party's fraud. We do not quarrel with the liberal policy expressed in these cases, but they are not applicable here. The appellant did not fail to appear, nor was he defaulted. He appeared *pro se* and consented, even under questioning, to the settlement agreement he had arrived at and the court orders based thereon. Given these actions, the trial court cannot be faulted for failing to find the coercion and lack of volition required to vacate the judgment in question. To so hold would be, in effect, to hold that every error of a trial court contributing to a subsequent settlement between the parties would make the settlement voidable. We cannot so hold.

█ Here involved are the precise principles enunciated in *Dutch Hill Inn, Inc.* v. *Patten*, 131 Vt. 187, 303 A.2d 811 (1973). Under facts strikingly similar to the ones here, an out-of-court settlement between the parties personally pending appeal, we emphasized that public policy strongly favors settlement of disputed claims without litigation, and that in order to avoid the effect of such a settlement, it must be shown that to enforce it would be "cruel or shocking to the average man's conception of justice," or "injurious to the public or against the public good." 131 Vt. at 192. Here, as there, the facts shown do not either require or permit such a conclusion. The appellant was satisfied with the settlement when he made it; he so represented to the court; the settlement was entered into by knowledgeable laymen familiar with the litigation; plaintiff made no attempt to secure a continuance or additional time to obtain counsel; his motion to vacate came only some four months later, and concededly more than three months after he retained present counsel. The public policy set forth in *Dutch Hill* falls far short of mandating the granting of plaintiff's motion to vacate judgment. The order below must be affirmed.

■ Appellee raises, by motion, a further matter not strictly essential to our decision. It moved to strike from the appellate record the orders and docket entries in the same court, made in a foreclosure action related to, but not part of, the instant case. The motion was well grounded. Under V.R.A.P. (10a), the original papers and exhibits filed below, the transcript, and a certified copy of the docket entries constitute the record on appeal. Docket entries or orders from another proceeding, however material, are not properly included in the record of this case on appeal. If important to the record in the case being tried, they may be introduced into evidence, or judicially noticed by the court pursuant to stipulation. Otherwise, they are not properly before the court. *Hutchins* v. *George*, 92 Vt. 371, 104 A. 108 (1918).

*The order denying plaintiff's motion to vacate is affirmed.*