## Nobel/Sysco Food Services, Inc. v. Allan Giebel

[533 A.2d 1195]

No. 86-028

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed September 4, 1987

*John Morale*, Wells River, for Plaintiff-Appellee.

*Frank H. Olmstead* of *Brownell & Moeser*, Norwich, for Defendant-Appellant.

**Peck, J.** Defendant appeals the superior court's denial of his motion to set aside a default judgment entered against him. We affirm.

Defendant presses his appeal on two grounds. First, he argues that the lower court's refusal to set aside the default judgment was erroneous because his motion was made within days after entry of the judgment and because, he contends, no culpable neglect or purposeful delay was involved. Second, he maintains that the complaint failed to state a legally cognizable claim and that his motion should have been granted on that ground.

On October 4, 1985, plaintiff, a Colorado food services corporation, served defendant personally with a complaint and summons. The complaint alleged that defendant and another individual owed plaintiff the sum of $4,883, and an itemized account was attached. No answer to the complaint was filed, and a default judgment was entered on November 19, 1985. Defendant did not obtain counsel until a few days before the default judgment was entered; it is clear that the twenty days allotted for filing of the answer had expired long before counsel was consulted. A motion to set aside the default judgment, brought under the provisions of V.R.C.P. 60(b),* was filed on November 22, 1985. After hearing, the superior court denied the motion, and this appeal followed.

Defendant lays the foundation for his appeal by quoting this Court's words in *Vahlteich v. Knott*, 139 Vt. 588, 590, 433 A.2d 287, 288 (1981), in which we stated that the trial courts

---

* V.R.C.P. 60(b) provides, in relevant part:
On motion and upon such terms as are just, the court may relieve a party . . . from final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

"should be indulgent in opening decrees entered by default." Because of the due process concerns raised by denial of a defendant's right to be heard, *Childs* v. *Hart*, 131 Vt. 241, 242-43, 303 A.2d 139, 140-41 (1973), we have expressed a preference for relief from default judgments in the absence of culpable negligence or dilatory intent. Nevertheless, we have required a "showing of reasons consistent with the rules" in support of a motion to set aside a default judgment, e.g., mistake, inadvertence, surprise, or excusable neglect. *Id.* at 243, 303 A.2d at 141; V.R.C.P. 60(b)(1). Furthermore, rulings upon motions brought under Rule 60(b) are discretionary and will not be reversed unless abuse of discretion is demonstrated. *Vahlteich*, 139 Vt. at 590, 433 A.2d at 288.

Here, defendant offered no acceptable justification for his failure to answer the complaint. At the hearing on the motion, defendant's counsel stated that the delay was due largely to the "procrastination or lack or information of the defendant." Yet no claim is made that defendant did not receive notice of the action. We have stated that "[t]here is no question but that where the default is generated by a capricious disregard of legally adequate notice . . . the trial court is then properly justified in denying access to the default relief process." *Childs*, 131 Vt. at 243, 303 A.2d at 140. Thus, defendant has failed to establish an abuse of the lower court's discretion.

Defendant attempts to buttress his claim of error by arguing that plaintiff's complaint fails to state a cause of action. The trial court demonstrated some concern over this issue before ruling that it was legally sufficient. The complaint identified the parties and stated: "Defendants owe Plaintiff the amount of $4,883.68, according to the account hereto annexed as Exhibit A." The attached accounting sheet itemized the dates and amounts of the debts owed. As plaintiff points out, the complaint was prepared in compliance with a form already approved by this Court and incorporated in the Appendix of Forms pursuant to V.R.C.P. 84. Rule 84 provides that the forms thus approved are sufficient under the Rules of Civil Procedure and "indicate the simplicity and brevity of statement which the rules contemplate." We hold that the lower court's denial of defendant's motion to set aside the default judgment was not erroneous.

*Affirmed.*