STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
|  | } |  |
| In re: | } |  |
| Chandler Repair and Home Industry Application | } | Docket No: 79-4-07 Vtec |
| (Appeal of Chandler) | } |  |
|  | } |  |

Decision and Order on Motion for Reconsideration of Dismissal Order

Appellant Charles Chandler appealed from a decision of the Development Review Board (DRB) of the Town of Newfane issued on April 10, 2007. Appellant represents himself; the Town of Newfane is represented by Samuel Hunt Angell, Esq. Appellant has moved for reconsideration of the Court's June 6, 2007 dismissal order, requesting reinstatement of the appeal.

On December 6, 2006, this Court issued a final decision in Docket No. 25-2-06 Vtec relating to the same property as in the above-captioned appeal; that decision has been appealed to the Supreme Court. The decision made it clear that it was only the dual use of the property that was being disapproved, based on the conclusion that the property is too small to maintain both a commercial and a residential use on the same property. The decision noted that the fact that a commercial use was once approved for a property does not make that property irrevocably commercial; that is, under the Newfane zoning ordinance at issue in that case, an applicant may apply to discontinue a commercial use and revert to a residential use. The decision noted that Appellant remained free to file with the Zoning Administrator future applications for other alternative uses of the property. The decision did not address whether any particular proposal by Mr. Chandler could qualify

1

as a home occupation or a home industry, it only stated that Mr. Chandler could file an application for such a proposal to be considered in the first instance by the Zoning Administrator and, if necessary, by the DRB. A later entry order at the end of 2006 in Docket 25-2-06 Vtec stated that it would be up to the Zoning Administrator, or the DRB on appeal from the Zoning Administrator, to determine in the first instance the conditions under which the use of the property might or might not be able to qualify as a home occupation or home industry as part of a residential use, or to rule on any other new proposal.

At some time in early 2007 Appellant filed a new zoning permit application, No. 2007/01, which was denied by the Zoning Administrator. Neither the application nor the Zoning Administrator's decision has been provided to the Court. The Development Review Board convened a hearing on March 19, 2007 to consider Appellant's appeal of the Zoning Administrator's decision, and issued a written decision denying the appeal on April 10, 2007.

The DRB decision described the application as being one "to make changes to the property at 1075 Rt. 30 and to establish a home industry," and described the Zoning Administrator's "basis for denial" as being "Section VI, paragraphs 6100, 4411 and 4410 of the Town of Newfane Zoning Bylaws." The DRB decision denied the appeal on the basis that it had "determined that a Site Visit was necessary to identify and understand the facts related to the appeal," and that in the absence of Appellant's consent to a site visit, "the DRB had no basis for" ruling on the appeal. The DRB decision stated the four DRB members who participated in the decision, but did not reflect any vote taken by the DRB, did not state the factual bases for the DRB decision (other than its inability to take a site visit) and did not state any conclusions related to the review standards. Appellant filed the above-captioned appeal, which received Docket No. 79-4-07 Vtec.

2

The notice of appeal shows Appellant's address[1] as "1075 Rt. 30, Newfane, Vermont 05345." That address was entered in the Court's docketing system as his address for the purposes of receiving mail from the Court, and all court-issued orders and notices in this matter have been sent to him at that address. Appellant requested waiver of the filing fee, arguing that the new appeal was a "continuation" of Docket No. 25-2-06 Vtec, and stating that the only "new evidence" (comparing his former application that was the subject of Docket No. 25-2-06 Vtec and the application that was the subject of the new appeal) was that Appellant "now resides at 1075 Route 30, Newfane, VT," the location of the property at issue in both appeals.

By an entry order issued on April 25, 2007, the Court noted that Docket No.25-2-06 Vtec not only had been concluded in this Court but had been appealed to the Vermont Supreme Court, and that no appeal relating to these parties or this property was pending before the Environmental Court. In that order the Court stated that Docket No. 79-4-07 Vtec would ordinarily require a new filing fee, but allowed time for the Town to come in as a party and allowed until May 11, 2007 for the parties to determine whether they would prefer to remand the matter for a site visit to occur, if necessary under the terms of a court order, before the Court would rule on the request for waiver of the filing fee.

Appellant filed the Statement of Questions and Attorney Angell entered his appearance on behalf of the Town. On May 11, 2007, as the parties had not filed anything regarding remand with the Court, the Court scheduled the initial pretrial conference in this matter for May 21, 2007, to be held by telephone. Both the April 25 entry order and the May 11 notice of the May 21 pretrial conference were sent to Appellant at the 1075 Route 30, Newfane, 05345, address. Both parties participated in the conference.

---

[1] Checks dated June 11, 2207, providing the filing fee for the present appeal or, alternatively, for an appeal to the Vermont Supreme Court, contain an address for Chandler Electric Company as P.O. Box 8085, Brattleboro, VT 05304. The Court has not been asked to use that address for Appellant and has not done so.

At the May 21, 2007 telephone conference, the parties discussed the issues with the Court, and discussed the payment of the filing fee, which Appellant stated his intention to send to the Court. He inquired as to the amount and Judge Wright told him he could check with the staff of the court to verify the amount. The Court did not set a deadline for payment of the filing fee orally at the conference, did not direct Appellant to call the court staff regarding the filing fee amount, and did not state that the court staff would call him to tell him the filing fee amount. Rather, the Court issued a scheduling order on May 23, 2007.

The May 23, 2007 scheduling order required the filing fee to be paid so that it would be received at the Court by June 1, 2007, or the appeal would be entered as dismissed. The scheduling order also allowed the parties to file any motions for summary judgment regarding question 2 of the Statement of Questions, if the matter was not dismissed, by June 21, 2007, with responses to be filed within 15 days of the date of filing of the motion.

As the Court received no filing fee, on June 6, 2007, the Court issued a brief entry order attaching a copy of the May 23, 2007 scheduling order (mistakenly referring to it as having been issued on May 29) and dismissing the appeal for failure to file the filing fee.

On June 13, 2007, Appellant filed an "Emergency Motion to Reconsider" the dismissal order, stating that he had not received a copy of the May 23, 2007 scheduling order until it had been sent as an attachment to the dismissal order. He enclosed a check for the filing fee, dated June 11, 2007, and also enclosed a notice of appeal to the Supreme Court and a separate check for the Supreme Court filing fee, presumably to be used if the reconsideration motion were denied. The Town filed a brief memorandum in opposition to the motion to reconsider, simply stating that the motion does not meet the criteria of either V.R.C.P 59 or V.R.C.P. 60.

Failure to file the filing fee with the notice of appeal was not jurisdictional; rather, the appeal was dismissed solely due to Appellant's apparent non-compliance with the May

4

23, 2007 scheduling order. While there is a presumption that a properly-addressed letter that is mailed is received in due course, it is a rebuttable presumption. E.g., Estey v. Leveille, 119 Vt. 438, 439 (1957). As in Estey, if we were to hold a hearing regarding the circumstances of Appellant's receipt or lack of receipt of the May 23, 2007 court order, no contrary evidence has been suggested that would counter Appellant's assertion of non-receipt. Moreover, Vermont jurisprudence strongly favors the resolution of cases on their merits, Desjarlais v. Gilman, 143 Vt. 154, 158-9 (1983), whether through summary judgment or after a necessary evidentiary hearing. The Court will reach the issue of the adequacy of the DRB's decision in this matter, which is the subject of the appeal and of Appellant's motion for summary judgment.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Reconsideration of the Dismissal Order is GRANTED; the dismissal of the above-captioned appeal is hereby vacated. The Court will deposit Appellant's June 11, 2007 check for the filing fee for the above-captioned appeal. On or before August 17, 2007, the Town may respond to Appellant's motion for summary judgment.

We are also returning to Appellant his notice of appeal to the Supreme Court and his check for the Supreme Court filing fee. Any party wishing to appeal the present decision and order should file a new notice of appeal or motion to take an interlocutory appeal, accompanied by the appropriate filing fee.

Done at Berlin, Vermont, this 27th day of July, 2007.

_____
            Merideth Wright
            Environmental Judge

5