2012 VT 9

**In re Appeal of the ESTATE OF Farwell W. PERRY, Late of Wallingford, Vermont**

[39 A.3d 1060]

No. 11-079

¶ 1. January 31, 2012. Probate law generally treats a will and all valid codicils thereto as a single testamentary instrument. This case presents a purported agreement to bifurcate the allowance of a will from the future allowance of a codicil, and a probate court order that does not reflect such an agreement. The superior court found that the purported agreement controls, notwithstanding the pro-

bate court order to the contrary. We reverse.

¶ 2. Farwell W. Perry died on May 18, 2009, leaving behind a wife and four adult children (three sons and a daughter). On June 12, 2009, his widow petitioned the Rutland District Probate Court to admit his will, executed in October 2008. The probate court set a hearing for July 15, 2009 to consider the allowance of the will. Shortly before the hearing, decedent's sons filed a motion to continue the hearing to allow the interested persons to determine whether they wished to consent to the allowance of both the will and a newly discovered two-page letter from decedent to his children purporting to be a codicil to his will.[1] The codicil involved a single, discrete piece of the estate: a trust which previously had been established with daughter as sole beneficiary would now include all four children as equal beneficiaries. Sons further wrote in their motion: "Thereafter, if all of the interested persons have not consented to the allowance of both instruments, the Court may schedule a hearing on the allowance of both instruments." The probate court granted the continuance and rescheduled the hearing for August 31, 2009.

¶ 3. In late July 2009, all interested parties apparently consented to the Rutland probate court's jurisdiction over the estate of decedent and signed a "Consent to Jurisdiction" to that effect. Earlier, the probate court had appointed an administrator c.t.a. The consent-to-jurisdiction filing noted this fact and further opposed Henry Pascarella serving in any fiduciary capacity regarding the administration of the estate in Connecticut.[2]

This consent to jurisdiction was sent to the Rutland probate court sometime after August 27, 2009. All parties agree that by this filing they consented to the admission of the 2008 will as the last will and testament of decedent. The probate court issued an order allowing the will on September 1, 2009. The order states "[t]hat all known heirs at law and the surviving spouse have consented to the allowance of the Last Will and Testament *and any codicil(s) thereto."* (Emphasis added.) Despite the language purporting to allow "any codicil(s) thereto," the admitted will did not include the codicil at issue in this case. Thus, for the purposes of this appeal, we assume that a codicil not initially filed with the will — as in this case — is not a codicil for the purposes of the order allowing the will and "any codicil(s) thereto."

¶ 4. Eight months later, on April 30, 2010, sons petitioned the probate court to allow the *above-referenced codicil.*[3] The administrator c.t.a. opposed the petition, arguing that the time to appeal the allowance of the will had expired. Decedent's daughter also moved to dismiss the petition as untimely, arguing that the appeal needed to be filed "within 30 days of the date of the entry of the judgment or order appealed from." V.R.A.P. 4(a). Daughter

---

[1] The term "interested person" includes heirs, devisees, legatees, children, spouses, and such other persons as the court directs. V.R.P.P. 17(a)(1).

[2] Decedent also left a will executed in 2005 that named Henry Pascarella as executor. Mr. Pascarella initiated probate proceedings in Connecticut, but after all parties consented to the Rutland probate court having jurisdiction over the estate and to the admission of the 2008 will in Vermont, the Connecticut court dismissed the proceedings.

[3] Sons' petition followed two appeals by nonfamily members to the superior court concerning matters not relevant to the instant appeal. The appeals were filed by Mr. Pascarella and John Connell — persons negatively affected by the parties' consent to probate the 2008 will in Vermont instead of the 2005 will in Connecticut.

claimed that the probate court's order of September 1, 2009 — allowing the will "and any codicil(s) thereto" — was a final order, rendering sons' petition to admit the codicil untimely. Both the administrator c.t.a. and daughter denied that there had been any agreement to consider the alleged codicil at a later date.

¶ 5. After a review of correspondence in the probate file, the probate court denied the motion to dismiss. Apparently, the court found a letter in the file from the attorney for decedent's sons faxed to the register of the probate court dated August 27, 2009. The letter stated that "[t]he several parties have reached an agreement to allow the Last Will and Testament of [decedent]," and to the appointment of the administrator c.t.a., and "have agreed to hold in abeyance the need to hold a hearing on the allowance of the purported Codicil to the will, dated March 2, 2009." The court found that, pursuant to sons' attorney's letter, there was an understanding that the matter of the allowance of the codicil would be held in abeyance. The court recognized that, whether or not such an agreement to bifurcate the proceedings actually existed at the time sons' attorney faxed his letter to the court, it could be "inferred that all parties were in accord with the contents of [the] letter," relying on the fact that no one challenged the claim of agreement in the letter to the register.

¶ 6. Daughter appealed to the superior court, arguing that the probate court erred as a matter of law when it denied her motion to dismiss and allowed an impermissible collateral attack on its final order allowing the will. She also filed a motion for judgment on the pleadings. The superior judge acknowledged that if interested parties stipulate to the allowance of a will while they are aware of a purported codicil, a party may not later attack the will by petitioning for the allowance of the codicil. She further acknowledged that a will would normally not be allowed without simultaneous consideration of a claimed codicil. However, the superior court held that the probate court relied upon:

> the representation of the parties' attorneys, both express and by tacit consent, that there was an agreement among the parties to consent to allowance of the 2008 will, eliminating the need for a scheduled hearing … and to hold in abeyance the issue of whether a hearing would be needed to decide whether the alleged codicil would also be allowed.

The superior court found that the letter faxed by sons' attorney clearly described such an agreement, despite daughter's claims to the contrary. Because the probate court had not yet addressed the merits of whether the codicil should be allowed, the superior court remanded the case, permitting the probate court to address these merits.

¶ 7. Daughter now appeals from this decision, raising essentially the same arguments as below: there was never an agreement to bifurcate the proceedings, and the superior court erred by ignoring the finality of the probate court's order admitting the will and permitting sons to collaterally attack that order.

¶ 8. The letter from sons' attorney to the register of the probate court representing that "[t]he several parties have reached an agreement to allow the Last Will and Testament of [decedent]," and that they "have agreed to hold in abeyance the need to hold a hearing on the allowance of the purported Codicil to the will" appears clear on its face. However, the order issued by the probate court allowing the will makes no mention of any bifurcation of the allowance of the will from consideration of the purported codicil. It clearly states "[t]hat all known heirs at law and the surviving spouse have consented to the allowance of the Last

Will and Testament *and any codicil(s) thereto."* (Emphasis added.) While the parties all knew about the codicil at this time, and the order purports to allow any codicils, only the will itself was admitted. The court order did not grant an exception to the principle that wills and their codicils are considered one instrument.

¶ 9. For over a century, it has been a clear principle of our law that "[a] codicil is regarded as a part of the will; and the will and codicil are to be construed as one instrument." *Barnes v. Hanks*, 55 Vt. 317, 319 (1883); see also *In re Peck's Estate*, 101 Vt. 502, 506, 144 A. 686, 687 (1929) ("A will and codicil must be construed together as constituting one instrument."). Therefore, when parties stipulate to the allowance of the will, as a general rule, they are also stipulating to the allowance of any known codicils, since the will and codicils are a single testamentary instrument. And because the will and codicils are a single instrument, the order allowing the will and codicils is a final order; there would be no reason to leave open the possibility of future allowances since any codicils were considered and admitted with the will. See *In re Estate of Seward*, 139 Vt. 623, 624, 433 A.2d 274, 274-75 (1981) ("An order admitting a will to probate is generally considered to be an appealable final order."). Because an order allowing a will is a final, appealable order, any later petitions to allow a codicil are impermissible collateral attacks. *Ransom v. Bebernitz*, 172 Vt. 423, 428, 782 A.2d 1155, 1159 (2001) ("[A]n unappealed decree of the probate court, even if erroneous as a matter of fact or law, is conclusive as to all matters covered by the decree, including the provisions of the will there in issue, and is not subject to collateral attack.").

¶ 10. The law is therefore clear: an order allowing a will normally includes any known codicils, and any later effort to allow a codicil is an impermissible collateral attack on a final order. In this case,

the purported agreement was nothing more than a letter from sons' attorney faxed to the register of the probate court — it was not even an official court filing. Copies of the fax purportedly went to the four attorneys with stakes in this matter, but at least one of those attorneys later contended that no agreement ever existed. Assuming arguendo there was an agreement to bifurcate the proceedings, the probate court's order allowing the will did not reflect such an agreement or place a time limit on how long the parties had to decide whether to submit the purported codicil to probate. Without such a time limit, the probate proceedings could have theoretically remained open for years until the parties decided to present the codicil. This would defeat the principle of finality accorded an order allowing a will. A letter to a register does not, alone, justify a departure from this clear principle.

¶ 11. Beyond the purported agreement's incompatibility with established case law, the superior court's decision to endorse a bifurcation was inconsistent with the goals of our probate statutes to efficiently and expeditiously administer an estate. Based on the probate court order allowing the will, two secretaries of state have issued certificates of apostille. The Connecticut probate court relied upon the Rutland probate court's final order when it gave full faith and credit to the order and dismissed the Connecticut proceedings. The administrator c.t.a. and the trustee, in reliance upon the final order, used certificates of apostille to recover assets from bank accounts around the world, and those banks relied upon the apostille certificates in disclosing sensitive information. Public policy favors the speedy administration of probate proceedings, and absent some compelling reason, the later allowance of codicils undermines this policy. The superior court's ruling fails to account for these many policy issues, all of which daughter

raised in her appeal to the superior court from the probate court's ruling allowing sons to petition to admit the codicil.

¶ 12. Accordingly, we follow established case law and public policy and hold that the codicil cannot now be admitted. We reverse the superior court's decision and deny sons' petition to allow the codicil.

¶ 13. Finally, we consider appellee's motion to strike a portion of appellant's reply brief, though not essential to our decision. Daughter filed two affidavits from attorneys connected to this case with her reply brief. Vermont Rule of Appellate Procedure 10(a) states: "The original papers and exhibits filed in the superior or District Court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of such court shall constitute the record on appeal in all cases." The two affidavits filed in this appeal were not filed with the trial court. We therefore strike the affidavits from the record on appeal. See *Pope v. Birchwood Manor Corp.*, 134 Vt. 577, 581, 367 A.2d 674, 677 (1976).

*Reversed.*