*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-037

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| Crystal Schipper | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Paul D. Sullivan | } | DOCKET NO. 298-10-06 Wmdm |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from a family court order granting mother's motion to modify parental rights and responsibilities. He contends the evidence fails to support the court's findings, and that the court erroneously disregarded the testimony of certain witnesses, as well as the recommendation of the children's guardian ad litem. We affirm.

The material facts may be summarized as follows. The parties have two children, D.S., who was nine years old at the time of the hearing in this matter, and L.S., who was ten. A January 2014 agreement between the parties provided that they would exercise shared legal and physical rights and responsibilities for the children, and that beginning in September 2014, D.S. would reside primarily with father, L.S. would reside primarily with mother, and the children would spend alternate weekends together with each parent**.**

In August 2015, mother filed motions to modify parental rights and responsibilities and to enforce certain provisions of the January 2014 order. The court held an evidentiary hearing on December 14, 2015, and issued a written decision the following day. Based on the testimony of father's ex-girlfriend, who had recently lived with father for a period of about eighteen months but had since moved out, the court found that she had been the victim of two separate acts of domestic violence by father, that D.S was in the house during both incidents, and that it was highly likely that D.S. was able to hear what had occurred. Based on the same witness's testimony, the court found that father's discipline of D.S. was physically aggressive when D.S. did not perform as father expected, and that father was also physically aggressive toward L.S. when she misbehaved, on one occasion hitting her with sufficient force to leave a handprint, and on another leaving a red mark on her face.

Based on mother's testimony, the court also found that father had interfered with mother's phone calls to the children, had monitored the calls, and had not encouraged a positive relationship with mother. The court found that father consistently bullied mother, and had not worked cooperatively with her to make thoughtful decisions.

Based on the foregoing, the court concluded that there had been a real, substantial and unanticipated change of material circumstances; that the parties could no longer communicate sufficiently to engage in shared legal responsibilities; and that the best interests of the children supported an award of sole legal and physical rights and responsibilities to mother, while maintaining the children's joint visits with father every other weekend. Although concerned about the incidents of domestic violence and father's physical aggression in disciplining the children, the court concluded that requiring father to complete an anger management course and ordering him to refrain from physically disciplining the children would be sufficient to maintain a safe environment during weekend visits. Accordingly, the court granted the motions to modify and enforce. This appeal by father followed.

"Faced with a motion to modify parental rights and responsibilities, the family court has broad discretion to determine the child's best interests as required by statute." Chickanosky v. Chickanosky, 2011 VT 110, ¶ 14, 190 Vt. 435. "Because of its unique position as the trier of fact, the family court alone may evaluate the credibility of witnesses and the weight evidence should be afforded in making such an assessment." Id. "We will therefore uphold the court's findings of fact unless they are clearly erroneous, viewing them in the light most favorable to the prevailing party below and excluding the effect of modifying evidence. The findings will stand if any reasonable and credible evidence supports them." Id. (citation omitted).

Father here asserts that the evidence does not support the trial court's findings and conclusions in several respects. First, he claims that his ex-girlfriend's testimony was contradicted by an earlier notarized statement she made in May 2015, and that the allegations of domestic violence were contradicted by a report of the New Hampshire child-protection agency. The record, however, does not show that these or any other exhibits were admitted into evidence or were part of the trial court record in this case. Accordingly, they form no part of the record on appeal, and cannot be cited or relied on. See In re Perry, 2012 VT 9, ¶ 13, 191 Vt. 589 (mem.). Even if these written statements had been in evidence, father's ex-girlfriend's testimony at the hearing about the two instances of domestic violence against her in D.S.'s presence supports the court's findings and conclusions concerning those incidents, and the court's findings concerning his control and anger management issues with her and with D.S. and D.S.'s sister are likewise consistent with the ex-girlfriend's testimony.[*]

Father also contends the court disregarded the testimony of three witnesses who testified on his behalf—a friend who frequently visited from Maine, a former girlfriend, and father's mother, all of whom testified that father had always behaved well toward the children in their presence. As noted, however, when testimony is conflicting it is the trial court's prerogative to assess the credibility of witnesses and weigh the evidence, and we will not disturb the court's findings where, as here, they are reasonably supported by credible evidence.

Father also faults the trial court for disregarding the guardian ad litem's (GAL) recommendation that D.S. remain with father. The GAL's role at the hearing was "limited." Gilbert v. Gilbert, 163 Vt. 549, 554 (1995). The GAL's statement in this case was not under oath,

---

[*] Father also notes in his brief that mother has previously been arrested for assault and subsequently for failing to appear in court. Even assuming these claims are true and were properly admitted as evidence in the proceedings below, the trial court's findings and conclusions as to this child's best interests would still be supported by the above testimony.

could "not be considered evidence," V.R.F.P. 7(f)(2)(A), and was not binding on the court. Accordingly, we find no error.

Finally, father contends the evidence did not support the court's requirement that he attend and complete an anger management course before he may petition the court in the future. As discussed, there was testimony which the court specifically credited that father had engaged in two acts of domestic violence while D.S. was present, and had been physically aggressive toward both children. This was sufficient to support the condition. Accordingly, we find no basis to disturb the judgment.

Because of our resolution, we do not reach father's request that he be allowed to view statements of mother's witnesses.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice