Filed 05/19/26

VERMONT SUPERIOR COURT  
Windham Unit  
7 Court Street  
Newfane VT 05345  
802-365-7979  
www.vermontjudiciary.org



CIVIL DIVISION  
Case No. 26-CV-01741

| **Jeffrey Rivard v. State of Vermont, et al.** |
|---|

## ENTRY REGARDING MOTION

Title:   Motion for Default Judgment; Memorandum in Opposition to Renewed Motion for Default Judgment; Reply to Memo in Opposition (Motion: 4)  
Filer:   Jeffrey Rivard; Robert C. Menzel; Jeffrey Rivard  
Filed Date:   April 22, 2026; May 05, 2026; May 05, 2026

Plaintiff Jeffrey Rivard continues his quixotic attempts to seek redress for perceived wrongs by state actors.[1] Consistent with other matters he has filed in this Unit of the Civil Division, Plaintiff "invoke[s] the court's jurisdiction to adjudicate free-floating grievances untethered from any law." *Rivard v. Town of Brattleboro*, No. 22-CV-03222, 2023 WL 8719882, *4 (Vt. Super. Ct., Windh. Civ. Div. Nov. 07, 2023) (Barra, Supr. J.), *aff'd* 2024 WL 1012380 (Vt.), *cert. denied*, 144 S. Ct. 2611 (2024). Plaintiff has filed a motion for default judgment in this matter in which he has filed a complaint against various Defendants – all individual Defendants are purportedly Department of Corrections' personnel. The motion is DENIED.[2]

First, all named Defendants have answered and are represented by counsel. See May 18, 2026, Answer and Statement of Affirmative Defenses. The Vermont Supreme Court has "a strong preference that litigation be decided on the merits and not by default judgment." *Hermitage Inn Real Est. Holding Co., LLC v. Extreme Contracting, LLC*, 2017 VT 44, ¶ 34. See also *Dougherty v. Surgen*, 147 Vt. 365, 366 (1986) ("[d]ue process favors the rights of the defendants to be heard in their own defense. '[D]enial of that right, and rejection of the remedies for default, must have strong support.' *Childs v. Hart,* 131 Vt. 241, 243 (1973)"); *Desjarlais v. Gilman*, 143 Vt. 154, 158-59 (1983) ("the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served"). Since Defendants have answered, the court declines to grant Plaintiff's motion.

Second, even if the court were to consider the merits of Plaintiff's motion it must be denied. "The court shall not enter judgment by default against a party who has not

---

[1] Plaintiff has already sought relief in the Civil Division related to the scheduling and conduct of probation violation proceedings. He did not prevail. *Rivard v. Dept. of Corrections*, 25-CV-03119, 2025 WL 3700253 (Vt. Super. Ct., Windh. Civ. Div. Dec. 10, 2025) (dismissing complaint pursuant to V.R.C.P. 12(b)(1)).

[2] In light of the court's ruling on the motion, the motion seeking clarification of deadlines or extensions of deadlines (# 2) is moot.

appeared in the action until the moving party files an affidavit made on personal knowledge *and setting forth facts as to liability* and damages." V.R.C.P. 55(c)(1) (emphasis supplied). "An affidavit is required that includes facts establishing liability ..., and it must be made by a person with personal knowledge." *Midland Funding LLC v. Cota*, 2016 WL 9459779, at *1 (Vt. Super. Ct., Rut. Civ. Div. Apr. 12, 2016) (Teachout, Supr. J.). While Plaintiff has filed an affidavit that purports to be made on personal knowledge, the contents are insufficient to establish liability on the part of any Defendants. The "facts" set forth in the affidavit are substantially generic – it provides no specific allegation as to the conduct of any named Defendant. Plaintiff acknowledges that a probation violation complaint was filed in this matter before the original term of probation expired.[3] Plaintiff argues – citing no authority – that his probation expired on August 8, 2025. To say that Plaintiff's argument that a probation term expires notwithstanding the pendency of violation complaint proceedings is a contested proposition is an understatement. Simply, no Vermont precedent supports Plaintiff's argument. Additionally, the Windham Criminal Division subsequently expressly extended the term of probation. *Rivard v. Dept. of Corrections*, 2025 WL 3700253, at *1 n. 2 (Vt. Super. Ct., Windh. Civ. Div. Dec. 10, 2025). Plaintiff's argument regarding the

---

[3] As this court has previously found

> A first probation violation complaint was filed [in *State v. Rivard*, No. 1370-11-19 Wmcr,] on August 9, 2023 - the day after Petitioner was sentenced. Petitioner was arraigned on the violation on August 15, 2023, and entered a denial. A second probation violation complaint was filed on November 2, 2023. Petitioner was arraigned on the violation on November 7, 2023, and entered a denial. On January 8, 2024, the court granted Petitioner's motion to represent himself at a revocation hearing scheduled for the following day. At the merits hearing the State dismissed the first complaint and Petitioner entered an admission to the second complaint. "The court found the violation and conducted a conference with [Petitioner] in order to reemphasize to [Petitioner] the necessity of compliance with conditions of probation." January 9, 2024, Entry Order. See also 28 V.S.A. § 304(b)(3).

> A third probation violation complaint was filed on August 8, 2024 - one year after Petitioner was sentenced. Petitioner was arraigned on August 13, 2024, and entered a denial. Counsel was assigned to represent Petitioner. The court also issued an Entry Regarding Motion in the matter responding to a pro se filing by Petitioner. The court noted that

>> To the extent that [Petitioner]'s pleading constitutes a motion seeking relief from the court, the motion is denied without prejudice. [Petitioner] is now represented by counsel, has not waived his right to counsel, and has not asked to represent himself. The court has not approved hybrid representation. All pleadings must be filed and signed by counsel. V.R.Cr.P. 49(d). *The court will not consider pleadings filed directly by [Petitioner] while represented by counsel.*

> August 13, 2024, Entry Order (emphasis supplied).

> A fourth probation violation complaint was filed on December 5, 2024. Petitioner was arraigned that same day and entered a denial. Counsel was assigned to represent Petitioner.

*Rivard v. Dept. of Corrections*, 2025 WL 3700253, at *1–2 (Vt. Super. Ct., Windh. Civ. Div. Dec. 10, 2025).

2

absence of a "finding of fact" regarding the probation violations is incomprehensible. A judge found probable cause for each violation. The first violation was dismissed by the State. Plaintiff entered an admission to the second violation. The third and fourth violations remain pending. Plaintiff's arguments related to the scheduling of merits hearings are meritless. As Plaintiff is certainly well aware, "[t]he court schedules probation hearings. [Department of Corrections personnel] do not." *Rivard v. Dept. of Corrections*, 2025 WL 3700253, at *7 n. 10. Additionally, the State is represented by the Windham County State's Attorney's Office in the probation violation proceedings not by Department of Corrections personnel. 28 V.S.A. § 302(c). Thus, even if the Department could have had some role in requesting that the court schedule a merits hearing such a request would have been made by the State's Attorney's Office not Department personnel. Plaintiff's affidavit does not establish liability.

Electronically signed: 5/19/2026 1:55:15 PM pursuant to V.R.E.F. 9(d)

John R. Treadwell
Superior Court Judge