**COURTYARD PARTNERS, d/b/a Adele Stanley Apartments v. Pamela TANNER and John Doty, Sr.**

[595 A.2d 287]

No. 89-489

June 21, 1991. Plaintiff, Courtyard Partners, brought this action to evict defendants, Pamela Tanner and John Doty, Sr., from federally assisted housing. Defendants, who were at the time pro se, failed to appear at trial because defendant Doty forgot about the hearing. Doty also alleged that he failed to employ a lawyer because he did not know that he had a defense to the action and thought he had to move to other housing. Eight days after the trial court issued an eviction order, defendants, now represented by a Vermont Legal Aid, Inc. attorney, moved to set aside the judgment under V.R.C.P. 60(b), alleging that their neglect to appear was excusable and that they had a strong and complete defense to the eviction. The trial court denied the motion, without considering the strength of the defense, on the ground that the failure to appear at trial was not excusable.

Because plaintiff presented evidence on the merits, this is not a default judgment case. See *Leiter v. Pfundston*, 150 Vt. 593, 595, 556 A.2d 90, 91 (1988). Nevertheless, the considerations applicable to defaults are similar here because defendants' defenses have never been addressed on the merits. See *Bingham v. Tenney*, 154 Vt. 96, 100, 573 A.2d 1185, 1187 (1990). We have cautioned that the exercise of the court's discretion to confirm a default must be of "guarded application" where "resort to [the] remedial rules to relieve from default has any recognizable validity." *Childs v. Hart*, 131 Vt. 241,

243, 303 A.2d 139, 140–41 (1973). Thus, the trial court should generally reopen "absent culpable negligence or deliberate purpose to delay." *Id.* at 243, 303 A.2d at 141. See also *Desjarlais v. Gilman,* 143 Vt. 154, 158–59, 463 A.2d 234, 237 (1983) (rules on reopening should be liberally construed in favor of defendants and the desirability of resolving litigation on the merits); *Vahlteich v. Knott,* 139 Vt. 588, 590, 433 A.2d 287, 288 (1981) (denial of motion to reopen must have "strong support"). Although the trial court should first consider the degree of defendants' negligence in failing to appear, even a willful default may be excused if defendants' position on the merits is so strong that it would be unjust to affirm the judgment. See, e.g., *Wagstaff-El v. Carlton Press Co.,* 913 F.2d 56, 57 (2d Cir. 1990).

A trial court's ruling on a Rule 60(b) motion is discretionary and will not be overturned "unless the record clearly and affirmatively indicates that such discretion was withheld or otherwise abused." *Bingham,* 154 Vt. at 99, 573 A.2d at 1186. On the other hand, we have the power in our discretion to remand a case to prevent a failure of justice, and do so when the circumstances warrant. See *id.* at 102, 573 A.2d at 1188; *Ferris-Prabhu v. Dave & Son, Inc.,* 142 Vt. 479, 481, 457 A.2d 631, 633 (1983); *Shea v. Pilette,* 108 Vt. 446, 455, 189 A. 154, 158 (1937) (power to remand exists "regardless of the existence of error in the trial court").

We conclude that a remand is appropriate in this case to prevent a failure of justice because defendants' defenses, as presented to this Court, appear to be strong, defendants' negligence was not culpable, defendants were unrepresented, and the motion was made promptly, within the appeal period. On remand, the court should evaluate the strength of defendants' defenses and reopen the judgment if it is clear that defend-ants would prevail on the merits if the defenses were established at trial.

*Reversed and remanded.*