Dydo v. Gray, No. 349-5-11 Rdcv (Teachout, J., Aug. 10, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 349-5-11 Rdcv** |

**WILLIAM DYDO, JR.,**
        **Appellant**

**v.**

**NANCY GRAY,**
        **Appellee**

## DECISION ON APPEAL FROM SMALL CLAIMS COURT

This matter came before the Court on August 7, 2012 for oral argument. Appellant was represented by Attorney Mark Furlan. Appellee Nancy Gray was present and represented herself.

In the case below, the Small Claims Judge granted Plaintiff's request for the Defendant to be served by "tac" order. A Return of Service showed service documents were "tacked" at a specified address. Defendant did not respond to the complaint, and the Court issued a default judgment on January 26, 2012.

On March 30, 2012, Defendant filed a Motion to Reopen Default Judgment pursuant to V.R.S.C.P. 4 , claiming that he had not been served with the notice of the claim against him, that the address at which "tacking" occurred was not his residence and that service was improper.[1] The Plaintiff responded, claiming that the Defendant knew that the sheriff had been trying to serve him with papers, and claiming that the address was his residence.

The Small Claims Judge denied the motion in an entry order without explanation, and Defendant appealed. He filed a Memorandum of Law claiming that service by tacking is not permissible under the Small Claims Rules, that he had not received notice of the lawsuit, and that the Small Claims Judge abused her discretion in denying the motion to reopen.

The Court heard oral argument on August 7, 2012, and indicated orally that it would issue a written order remanding the case to the Small Claims Court. This Court noted orally that default judgments are not favored, and that while default defendants are not automatically entitled to reopening, parties in Small Claims Court are generally not

---

[1] The Motion to Reopen was timely under V.R.S.C.P. 4 (b).

represented and the Court should exercise its discretion in a manner that promotes the determination of cases on their merits.

The standard for the review of a motion to vacate a default judgment is abuse of discretion. *Dougherty v. Surgen*, 147 Vt. 365, 366 (1988). Nevertheless, the rules relating to default judgments should be liberally construed in favor of defendants. *Id.* A court should be indulgent in opening decrees entered by default. *Id.*

Courts should generally reopen a default judgment when the person seeking to reopen the judgment has shown good cause. *Courtyard Partners v. Tanner*, 157 Vt. 638, 638 (1991) (mem.) There must be strong support for the denial of a motion to reopen a default judgment. *Id.* If a defendant has a meritorious defense, then a default judgment should be reopened even in the face of the defendant's negligence or willfulness. *Id.*

The Small Claims Rule on reopening default judgments also specifies good cause as a basis for reopening a judgment: "A default judgment will not be reopened unless good cause is shown." V.R.S.C.P. 4 (g). Defendants who represent themselves in Small Claims Court may not know that in seeking to reopen a default judgment, they are required to show good cause.

Here, Defendant presented a very specific claim of lack of notice after being served by tack order. Although the location of Defendant's residence was disputed, the Court should exercise its discretion in favor of deciding claims on their merits. At a minimum, the Court should have issued an entry order requiring Defendant to show that if the case was reopened, he would have a meritorious defense to the claim. The failure to reopen the case without issuing such an order was an abuse of discretion; therefore, a remand to the Small Claims Court is appropriate.

On remand, the Small Claims Court is directed to vacate the default judgment and either reopen the case or issue an entry order on the Motion to Reopen informing Defendant of the opportunity to show that he has a meritorious defense, and reopen the case if Defendant can show that he could present a meritorious defense.

Dated at Rutland this 9th day of August, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge