STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 117-8-13 Vtec |

| | |
|---|---|
| City of Burlington,<br>    Plaintiff<br><br>v.<br><br>Timothy A. Muir,<br>Frances D. Muir,<br>    Defendants | DECISION ON MOTION |

**Decision on Motion to Vacate Default Judgment**

Now before the Court is a motion by Timothy A. Muir and Frances D. Muir (Defendants) asking the Court to accept their answer to a compliant served upon them by the City of Burlington (the City) despite the Court's grant of default judgment in favor of the City on November 22, 2013. We treat this as a motion to set aside or vacate the default judgment entered by the Court.

The complaint alleges that Defendants have multiple zoning violations on their two properties, one at 52 North Cove Road, and the other at 68 North Cove Road, both in the City of Burlington. The City notified Defendants of the alleged violations in an August 24, 2012 Notice of Violation related to 52 North Cove Road and a September 14, 2012 Notice of Violation for 68 North Cove Road. The alleged violations at 52 North Cove Road include conducting certain activities without obtaining a zoning permit including changing the of use of the property, storage of construction material on the property, construction of a barrier/retaining wall, grading the land, adding fill to wetlands, encroaching into setbacks, increasing the lot coverage, and adding a private parking lot. The alleged violations for 68 North Cove Road include failure to comply with conditions of zoning permits issued for the property, failure to obtain a certificate of occupancy, failure to comply with setback requirements, and having unpermitted storage and vehicles on the property. The Complaint alleges that defendants have not remedied any of the multiple violations noticed by the City and did not appeal the notices of

1

violation. It also states that the Defendants were still noncompliant with the requirements of the City zoning ordinance and earlier permits at the time of the Complaint.

The Complaint was served upon Defendants on August 29, 2013 by Gordon Gilbert, Second Constable for the City, hand delivering the Summons, Complaint, and accompanying documents to Mr. Muir. No Answer was filed to the complaint and no communication was received from Defendants. On October 25, 2013 the City moved for a default judgment with this Court, sending copies of the motion and supporting memorandum of law to Defendants. On November 22, 2013 the Court granted the motion for a default judgment and set a hearing for December 23, 2013 for the purpose of determining the appropriate remedy for the violations. The hearing was postponed due to inclement weather and rather a telephonic status conference was held on December 23, 2013.[1] The Defendants participated in that status conference. On January 6, 2014 Defendants filed the present motion seeking to respond to the Complaint. Given that judgment was entered by the Court against the Defendants we treat the motion to respond to the Complaint as a motion to set aside the default judgment.

A motion to set aside a default judgment is governed by Vermont Rule of Civil Procedure 55(c) which states that "[i]f a judgment by default has been entered, the court may set it aside in accordance with [Vermont Rule of Civil Procedure] 60(b) and not otherwise." Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a list of reasons. The reason potentially justifying setting aside the default judgment in this case is "mistake, inadvertence, surprise, or excusable neglect." V.R.C.P. 60(b)(1). Generally there is a strong interest in the finality of judgments and Rule 60(b) should be applied "'guardedly' and only in 'extraordinary' circumstances." Miller v. Miller, 2008 VT 86, ¶ 27, 184 Vt. 464 (citations omitted). It is within the discretion of the trial Court to grant a Rule 60(b) motion. Bingham v. Tenney, 154 Vt. 96, 99 (1990).

---

[1] The December 23, 2013 remedy hearing was rescheduled for January 10, 2014 and an in person hearing was held. However, due to the January 6 motion, at that hearing Defendants further explained their arguments for why the default judgment should be set aside and their answers to the Complaint. The City was given 10 days to reply to those arguments.

The Vermont Supreme Court has, however, indicated that in the context of a motion to set aside a default judgment the trial court must consider additional factors.  LaFrance Architect v. Point Five Dev. S. Burlington, LLC., 2013 VT 115, ¶ 15, available at http://info.libraries. vermont.gov/supct/current/op2012-203.html.  Those factors are "(1) the degree of prejudice suffered by the plaintiff as a result of defendant's delay in answering; (2) the presence of material issues of fact and prima facie evidence of meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of defendant's culpability."  Id. (citing Courtyard Partners v. Tanner, 157 Vt. 638, 639 (1991)).  Thus, even absent a finding of excusable neglect, relief from judgment may be appropriate if these factors weigh in the Defendants' favor.

I.    Mistake, Inadvertence, Surprise, or Excusable Neglect

Here there is little question that Defendants' had advance notice of the City's claims against them.  They do not contest that they received the multiple notices of alleged violations or that they were aware of the City's position with regard to their properties' noncompliance with the zoning ordinance.  Defendants also do not contest that the Summons, Compliant, and accompanying documents were properly served.  Mr. Muir received the documents but did not act on them or notify Mrs. Muir.  Mr. Muir states that because both he and his wife were on depression mediation, and due to the difficult times they were facing, he decided not to notify his wife of the Summons and Compliant and not to respond.

The question is therefore whether Mr. Muir's neglect is "excusable."  The Vermont Supreme Court has noted that this is an "equitable determination, 'taking account of all relevant circumstances surrounding the party's omission.'"  Ying v. Heide, 2013 VT 81, ¶ 11, available at http://info.libraries.vermont.gov/supct/current/op2012-366.html (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  These circumstances include danger of prejudice, length of delay, reason for delay, and good faith of the party asserting excusable neglect.  Id.  For the purposes of this motion the Court accepts as true the Defendants' assertions about the reasons for their failure to respond.

While there is some danger of prejudice to the Defendants we find that this factor does not support vacating the default judgment.  Defendants had ample opportunity to respond to the City's notices of violations.  After significant delay from Defendants, the City moved for

3

default judgment. Defendants failed to move to vacate the default judgment within the appeal period. Furthermore, the Court's default judgment is limited to issues of non-compliance with the City's regulations and prior City permits. The Court will set a hearing and the Defendants will have the opportunity to present what they view to be the appropriate remedy for these violations. We therefore see little danger of prejudice to Defendants that was not caused by their own inaction. While the Court is not unsympathetic regarding Defendants' difficulties, the reasons asserted do not rise to the level of excusable neglect.

II. Additional Considerations for Vacating a Default Judgment

Although Defendants have not met the requirements of Rule 60(b), because this is a request to set aside a default judgment, and given the strong preference for resolving litigation on the merits, we further consider whether Defendants have any meritorious defenses and the significance of the interests at stake. Here, Defendants motion to set aside the default judgment was presented as a response to the Complaint and so we will consider whether that motion raises any meritorious defenses sufficient to outweigh the interests in finality of judicial orders.

With regard to 58 North Cove Road, Defendants argue that they did not fill the wetlands or the cove except for the preservation of their property, to prevent erosion, repair erosion, and repair sinkholes. They admit that the rocks in question are placed along the cove, but contend that they are "used for erosion control" and are not a retaining wall. They admit to the presence of a camper, storage trailers, additional vehicles, firewood, lumber, and other materials on the property. Thus, they generally admit the state of facts alleged by the City but seek to explain why the actions they took were necessitated by response to Hurricane Irene or are otherwise excusable.

Similarly, for 68 North Cove Road the Defendants admit that they have not complied with conditions in prior permits, and that there are multiple storage trailers on the property. They state that they plan to comply with the permit conditions in the future and that some of the vehicles and storage trailers will be removed or should not constitute violations. Here too, Defendants state that the storage trailers and materials stored in the yard are a consequence of difficulties caused by flooding from Hurricane Irene. These are potentially mitigating

4

circumstances but are not defenses to the violations the City alleges. In the response to the Complaint, Defendants have not raised any meritorious defenses sufficient to outweigh the finality of the judgment.

The interests at stake here are important. The City has the obligation to enforce the zoning ordinance, the purpose of which is to protect the health, safety, and welfare of the community. There has been notice to Defendants of the alleged violations and Defendants have had considerable time to take action to remedy the situation or to appeal the City's notices of violations setting forth the City's determination that their properties were in violation. They have failed, however, to take any action despite ample opportunity to do so. Thus, given the lack of meritorious defenses and the City's strong interests in ensuring compliance with the zoning ordinance we conclude there is not sufficient reason to set aside the final default judgment. Defendants will have an opportunity during the to-be-scheduled hearing to explain how their circumstances and difficulties should impact the Court's determination of the appropriate penalties or injunctive relief for the violations.

For the above stated reasons, Defendants motion to set aside the default judgment and respond to the Complaint is **DENIED**.


Electronically signed on May 01, 2014 at 03:47 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division