NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 38

No. 2016-226

| | |
|---|---|
| Laura A. Cramer (Billado) | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Franklin Unit, |
| | Civil Division |
| | |
| James E. Billado, III | January Term, 2017 |

Thomas Z. Carlson, J.

Daniel S. Triggs, Milton, for Plaintiff-Appellee.

Karen R. Shingler, Burlington, for Defendant-Appellant.

PRESENT:  Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.    **ROBINSON, J.**   Defendant James Billado appeals the trial court's denial of his motion to set aside a default judgment of foreclosure on the grounds that the trial court erred in allowing service of the foreclosure complaint by tack order and in declining to set aside the default foreclosure judgment in light of his defenses.  Plaintiff Laura Cramer argues that defendant's appeal was untimely and we thus need not consider the merits of his appeal.  We conclude that the trial court's orders were within its discretion and accordingly affirm.

¶ 2.    The events leading to this appeal are rooted in the parties' 2007 divorce.  In September 2005, the parties entered into a final stipulation that provided, among other things, that

defendant was to pay plaintiff $50,000 on or before November 15, 2005, to buy out her interest in defendant's business. Before the court entered a divorce judgment, defendant sought to set aside his uncounseled stipulation on the ground that, since signing the stipulation, he learned that while acting as bookkeeper, plaintiff had been stealing money from the business. After an evidentiary hearing, the trial court rejected his claim, concluding that plaintiff had not engaged in any deception. The court found that the parties treated the various business accounts as personal accounts, withdrawing funds at will to pay for vacations, credit card debt, and other personal expenses. Defendant left the bookkeeping to plaintiff, and turned a blind eye to poor bookkeeping practices since both he and plaintiff received the financial benefit. Given this record, the trial court declined to set aside the parties' stipulation. In a February 2007 final judgment of divorce, the court incorporated the stipulation and ordered defendant to pay plaintiff $50,000. This Court considered defendant's arguments and affirmed the final order on appeal. See Billado v. Billado, No. 2007-099, 2007 WL 5313617, at *3 (Vt. Nov. 1, 2007) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo07-099.pdf.

¶ 3.     Plaintiff recorded a certified copy of the judgment in the Bakersfield, Vermont land records to perfect her judgment lien on defendant's property. On May 11, 2015, plaintiff filed this foreclosure action alleging that defendant had failed to pay on the 2007 judgment.

¶ 4.     On June 18, 2015, pursuant to Vermont Rule of Civil Procedure 4(d)(1), plaintiff sought alternative service through a tack order, which would allow the sheriff to leave a copy of the summons and complaint at defendant's home. The accompanying affidavit of diligent search from a deputy sheriff stated that he tried to serve the papers in person at defendant's residence on May 23, a Saturday, but got no answer. He noted that there were no vehicles present at defendant's home at that time. The affidavit reflected that on May 27, a Wednesday, he spoke with defendant

2

by telephone and defendant promised to collect the paperwork in St. Albans. And the affidavit also reflected that on Sunday morning, June 7, the deputy sheriff again went to defendant's residence and got no answer.

¶ 5. By order dated July 2, the trial court granted plaintiff's motion for alternative service, finding that plaintiff had shown that, despite due diligence, personal service of process in this matter could not be made on defendant, that plaintiff's proposed method of service was reasonable and appropriate, and that the method of service proposed by plaintiff was preferable to an order that service be made by publication. The court ordered that service of the summons and complaint for foreclosure, and other process, notices, and orders, could be made "by securely affixing a copy of such process on the main entrance of [defendant's home], reasonably protected from weather." The deputy sheriff effected service by tack order on July 18.[*]

¶ 6. Defendant did not answer the foreclosure complaint, and on January 14, 2016, plaintiff filed a motion for default judgment of foreclosure and the issuance of a clerk's accounting. The trial court awarded plaintiff default judgment, and on February 8, 2016, issued a judgment and decree of foreclosure by judicial sale. Considering accrued interest on the 2007 debt, attorney's fees, and recording fees, the court calculated an outstanding judgment of $112,527.23.

¶ 7. Several days later, through counsel, defendant filed a verified motion to set aside the default judgment. He said that the judgment of foreclosure was the first document he had ever received in the foreclosure action, that he did not see any prior pleadings "tacked" to the premises, and that personally serving him pursuant to the rule should have been easy since he has a high personal profile in the community, has lived in the same location for years, and owns a local

---

[*] Because of the delay caused by multiple attempts to serve defendant, the trial court had granted plaintiff an enlargement of time to effect service of the foreclosure pleadings.

business.  Following an evidentiary hearing focused primarily on the deputy sheriff's initial efforts to serve defendant, as well as on service of the pleadings pursuant to the tack order, defendant filed a supplemental memorandum laying out his underlying defenses to the foreclosure as an alternative basis to support his motion to set aside the default judgment.  Defendant argued that he was entitled to a set-off against plaintiff's judgment because she had improperly diverted funds from his business prior to their divorce.

¶ 8.    Based on the parties' pleadings and the evidence presented at the evidentiary hearing, the trial court found that the deputy sheriff had attempted to serve defendant at his home on two weekends, and also reached defendant between those efforts to try to make arrangements for service of the summons and complaint.  The court credited the deputy sheriff's testimony, including his recollection that defendant agreed to come to the courthouse during the day to accept service but then failed to do so, and his observation that defendant understood that plaintiff was taking legal action to pursue her outstanding claims against him.  The court also credited the deputy sheriff's testimony that in executing the tack order he secured the pleadings to defendant's door in a weatherproof bag.  The court concluded that the service by tack order was lawful and sufficient.

¶ 9.    In addition, the court concluded that defendant had not pled sufficient grounds under Vermont Rule of Civil Procedure 60(b) to set aside the default judgment on the merits.  The court determined that defendant had not presented any meritorious defenses to the judgment.  It reasoned that the allegations supporting defendant's claim for a set-off against the amount he owes plaintiff under the final order had already been litigated.  In 2007, the family court thoroughly litigated very similar if not identical allegations against plaintiff in connection with defendant's effort to set aside the parties' stipulation.  Moreover, the court rejected defendant's argument that the court should revisit the previously litigated allegations because defendant had new evidence to

4

support them. Defendant's new evidence consisted of the findings of an accountant who reviewed the 2003-2005 business books in 2013 and found what he believed to be payroll tax diversions while plaintiff was managing the books. Those problems did not come to light until 2008, when the IRS contacted defendant about unmet payroll tax obligations. The court noted that defendant made no effort to reopen the divorce or otherwise seek a remedy against plaintiff in 2008, when the IRS raised its concern, or even in 2013, when his accountant reviewed the business books from 2003-2005. The court concluded that any claims that defendant had against plaintiff on account of this alleged diversion were barred by the principle of claim preclusion and the six-year limitation of actions set forth in 12 V.S.A. § 511.

¶ 10. Although the trial court acknowledged the general presumption in favor of resolution on the merits rather than judgment by default, it also recognized that "it would be an idle exercise and a waste of judicial resources for a court to set aside a judgment if, in fact, there is no genuine justiciable controversy." Lafrance Architect v. Point Five Dev. S. Burlington, LLC, 2013 VT 115, ¶ 20, 195 Vt. 543, 91 A.3d 364 (quotation omitted). Accordingly, in its May 27, 2016 order, the court denied defendant's motion to set aside the default judgment of foreclosure.

¶ 11. On June 27, 2016, defendant filed a notice of appeal. On appeal, he contends that: (1) the trial court committed reversible error when it found that service in this case was sufficient and denied his motion to set aside the default judgment for lack of personal service, and (2) the trial court committed reversible error when it failed to vacate the default judgment in light of defendant's defenses to the judgment.

¶ 12. While this case was pending, this Court on its own initiative issued an order requesting defendant to show cause why his appeal should not be dismissed for failure to file a timely motion for permission to appeal pursuant to 12. V.S.A. § 4601 (requiring court permission

5

for appeal of judgment "for the foreclosure of a mortgage") and Vermont Rule of Civil Procedure 80.1(m) (requiring that request for permission to appeal be filed within ten days of entry of judgment or order appealed from "[w]hen the judgment is for foreclosure of the mortgage"). Defendant argues that by their plain terms, the above requirements apply only to judgments foreclosing a mortgage, and not to judgments of foreclosure based on a judgment lien. Plaintiff argues that pursuant to 12 V.S.A. § 2903(d), the foreclosure of judgment liens is subject to the same requirements as the foreclosure of a mortgage. We decline to decide this jurisdictional question because we conclude that even if defendant's appeal was timely, his claims on appeal fail on the merits.

¶ 13.   First, we conclude that the trial court's findings were supported by the evidence and its conclusions were consistent with law and supported by its findings. "On review, we will uphold the trial court's findings as long as they are supported by any credible evidence in the record, and we review questions of law without deference to the trial court." Mongeon Bay Props., LLC v. Mallets Bay Homeowner's Ass'n, 2016 VT 64, ¶ 22, __ Vt. __, 149 A.3d 940.

¶ 14.   Vermont Rule of Civil Procedure 4(d)(1) provides:

> The court, on motion, upon a showing that service as prescribed above cannot be made with due diligence, may order service to be made by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode, or to be made by publication pursuant to subdivision (g) of this rule, if the court deems publication to be more effective.

If personal service could not be made with due diligence, then a tack order was appropriate in this case.

¶ 15.   The court's findings concerning the deputy sheriff's attempts to serve defendant were supported by the evidence. The deputy sheriff testified to facts relied upon by the trial court, and the court was entitled to credit his testimony even though defendant testified otherwise. See

<u>Everlasting Mem'l Works v. Huyck Mem'l Works</u>, 128 Vt. 103, 107, 258 A.2d 845, 848 (1969) ("Questions of credibility of the witnesses and the weight of the evidence were for the trier of facts to decide . . . .").

¶ 16.    Moreover, the court's conclusion that personal service could not be made with due diligence was supported by its findings.  We do not suggest that two unsuccessful trips to someone's residence, especially when no vehicles are present during one of the visits, qualifies as "due diligence."  But in this case, the court's findings that a deputy sheriff personally spoke by telephone to defendant, that defendant indicated an understanding of the nature of the pleadings the deputy sheriff sought to serve, and that defendant agreed to come pick up the pleadings at the courthouse but then failed to do so during the ensuing weeks, support the trial court's legal conclusion.  A defendant is not obligated to agree to travel to the process server to personally accept service, but when a defendant does agree to do so, a court may find that the process server's reliance on that agreement is consistent with due diligence.  Accordingly, the determination that service in this case was sufficient was within the trial court's discretion.

¶ 17.    Second, we conclude that the trial court did not abuse its discretion in declining to set aside the default judgment in this case.  Although a meritorious defense may be a strong basis for setting aside a default judgment in a case like this, the trial court did not err in concluding that defendant had not presented a meritorious defense.

¶ 18.    We review the trial court's denial of the motion to set aside the judgment for abuse of discretion.  <u>LaFrance Architect</u>, 2013 VT 115, ¶ 9.

¶ 19.    We have acknowledged that a trial court "should give substantial weight to a meritorious defense when determining whether to vacate a default judgment."  <u>Id</u>. ¶ 11; see also <u>Courtyard Partners v. Tanner</u>, 157 Vt. 638, 639, 595 A.2d 287, 288 (1991) (mem.) ("Although the

trial court should first consider the degree of defendants' negligence in failing to appear, even a willful default may be excused if defendants' position on the merits is so strong that it would be unjust to affirm the judgment."). Accordingly, if defendant in this case made a persuasive case that he had meritorious defenses to the judgment, the trial court's discretion to decline to set aside the default judgment may have been more limited.

¶ 20. The trial court's conclusion that defendant did not present meritorious defenses was within its discretion. Defendant does not deny that plaintiff had a judgment against him for $50,000 from 2007, that plaintiff duly perfected her judgment lien, or that he paid any amounts toward that judgment. Instead, he essentially argues that he was entitled to an offset of plaintiff's judgment on account of her prior misappropriation of funds from his business. As the trial court noted, collateral estoppel and the statute of limitations are both obstacles to his set-off claims in response to plaintiff's foreclosure action.

¶ 21. Collateral estoppel is a bar to defendant's claims because defendant's allegations in support of a set-off against plaintiff's judgment are essentially the same allegations he litigated before the family court in 2007. Then, as now, he alleged that before the final divorce judgment in the parties' divorce, plaintiff improperly diverted funds from his business to her own personal use. The court in the parties' divorce took evidence on the matter and found that plaintiff did not deceive defendant and that, though she may have engaged in bad bookkeeping practices with defendant's acquiescence, she did not commit fraud against him. Defendant's attempt to relitigate these very same claims nine years later in the context of this foreclosure case is barred by collateral estoppel: he was a party to the 2007 litigation in the family court, the issue at hand was resolved by a final judgment on the merits, the issue here is the same as the one raised in the later action, there was a full and fair opportunity to litigate the issue in the earlier action, and applying

8

preclusion in this case is fair. See Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265, 583 A.2d 583, 587 (1990) (listing criteria for applying collateral estoppel).

¶ 22. Moreover, the statute of limitations would preclude defendant's claims against plaintiff in any event. The alleged misconduct on which defendant bases his claims predates the parties' 2007 final divorce judgment. Defendant was clearly on notice prior to the final divorce order because he litigated these claims in the 2007 divorce hearing. Even if we concluded that he did not know and cannot be said to reasonably ought to have known until 2008—the year his expert identifies as the time the bookkeeping inconsistencies came to light—defendant is still well outside the six-year general statute of limitations for civil actions. 12 V.S.A. § 511.

¶ 23. Given these considerations, and the absence of any substantial defense to plaintiff's action for foreclosure, the trial court's denial of defendant's motion to set aside the default judgment in this case was within the trial court's discretion.

Affirmed.

FOR THE COURT:

_____
Associate Justice

9