*Carpenter v. Patterson*, No. 605-11-19 Wncv (Tomasi, J., Feb. 13, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 605-11-19 Wncv |

Heather Carpenter,
Dale Carpenter,
     Plaintiffs

v.

Hilary Patterson,
Timothy Patterson,
    Defendants

### Opinion and Order on Motion to Set Aside Default Judgment

This matter was scheduled for a hearing on a motion to pay rent into court on January 6, 2020. That date was also beyond the 21-day answer period provided to Defendants under the Civil Rules. Defendants failed to appear for the hearing. On motion of Plaintiffs, the Court entered default judgment in favor of Plaintiffs on January 6, 2020. On January 16, 2020, the Defendants sought relief from judgment. Plaintiffs oppose the motion.

Where a party seeks relief from a default judgment under Vt. R. Civ. P. 55(c) and 60(b), the Court must evaluate a number of factors including: "(1) the degree of prejudice suffered by the plaintiff as a result of defendant's delay in answering; (2) the presence of material issues of fact and prima facie evidence of meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of defendant's culpability." *LaFrance Architect v. Point Five Dev. S. Burlington, LLC*, 2013 VT 115, ¶ 15, 195 Vt. 543, 551.

Here, Defendants acknowledge that they "forgot" about the rent escrow hearing. They claim that excessive stress caused by a child custody proceeding, a car accident, and a job loss contributed to their confusion. They maintain that they have a number of potential defenses to the eviction proceeding and further indicate that they now have a stream of income to pay rent. Plaintiffs counter that forgetting a court date is no excuse and that the purported defenses are meritless.

Applying the above factors, the Court believes Plaintiffs will suffer some prejudice from the expenditure of additional attorney's fees and delay associated with resolution of this matter and with the failed rent escrow hearing. The Court cannot, however, adopt Plaintiffs' position and conclude that Defendants' proffered defenses lack merit. At this early stage and without the benefit of evidence, the allegations may support possible defenses to the action. Plaintiffs' interests are financial and potentially compensable. Defendants' interests -- being evicted from their home in mid-winter without the chance to assert possible defenses -- are significant. Defendants' excuse is not compelling, but it appears honest. Additionally, Defendants were unrepresented and filed their motion seeking relief from judgment within 10 days of the judgment order. *See Courtyard Partners v. Tanner*, 157 Vt. 638, 639, 595 A.2d 287, 288 (1991) (lack of counsel and prompt filing weigh in favor of granting relief from judgment).

"A motion to vacate a default judgment is addressed to the sound discretion of the trial court," and the Court prefers to "resolv[e] litigation on the merits." *Dougherty v. Surgen*, 147 Vt. 365, 366 (1986). In light of all the circumstances, the Court believes it appropriate to grant Defendants' motion. *See Tanner*, 157 Vt. 638

at 639 (trial court should generally reopen "absent culpable negligence or deliberate purpose to delay").

WHEREFORE, the Court orders the following relief:

1.      The default judgment and the writ of possession are vacated;

2.      In order to reduce the potential for prejudice to Plaintiffs, the Court will reset this matter for a Rent Escrow hearing on March 9, 2020, at 9:00 a.m.

3.      Defendants shall submit to the Court and serve upon Plaintiffs a formal Answer or response to the Complaint by February 28, 2020.  Failure to do so, may result in a default judgment against them and cancellation of the Rent Escrow hearing.

Electronically signed on February 13, 2020 at 02:47 PM pursuant to V.R.E.F. 7(d).


_____
Timothy B. Tomasi
Superior Court Judge