NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 95

No. 2021-072

In re David E. Piquette

Supreme Court

On Appeal from
Superior Court, Windham Unit,
Civil Division

December Term, 2021

Michael R. Kainen, J.

Joshua Martin, Saint Albans, for Petitioner-Appellant.

David Tartter, Deputy State's Attorney, Montpelier, for Respondent-Appellee.


PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Howard, Supr. J. (Ret.),
Specially Assigned


¶ 1. **CARROLL, J.** Petitioner appeals an order of the superior court granting summary judgment to the State in his petition for post-conviction relief. Specifically, petitioner appeals that portion of the order concluding that even if petitioner's trial counsel erred by not informing him of a plea offer, petitioner was not prejudiced by the error. Because petitioner did not file a response to the State's motion for summary judgment until after the superior court issued its order granting the motion and does not challenge the court's subsequent order denying his request to set aside the judgment and reopen, we affirm.

¶ 2. In December 2011, the State charged petitioner with kidnapping-sexual assault, aggravated sexual assault, sexual assault, and domestic assault. In March 2012, the State conveyed an offer of three to twelve years to serve if petitioner agreed to plead guilty to unlawful restraint

and first-degree aggravated domestic assault. Petitioner maintains that his trial counsel did not communicate the plea offer to him.[1] The matter proceeded to trial in late 2012. Petitioner testified at trial and denied having committed any of the charged crimes. A jury convicted him of aggravated sexual assault and domestic assault and acquitted him of kidnapping and unlawful restraint. Petitioner was sentenced to a term of ten years to life on the aggravated sexual assault conviction, and twelve to eighteen months to serve on the domestic assault conviction. This Court affirmed both convictions. State v. Piquette, No. 2013-329, 2014 WL 3714959, *1 (Vt. July 24, 2014) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo13-329.pdf [https://perma.cc/G6MY-WX6Q].

¶ 3. Petitioner initiated a post-conviction relief (PCR) case in 2014, and in January 2016, petitioner filed an amended complaint in the civil division (PCR court). The amended complaint alleged his trial counsel made multiple errors during the pretrial and trial phases, including failing to communicate the March 2012 plea offer. On March 1, 2019, the State moved for summary judgment. The court granted petitioner three extensions of time to respond to the State's motion. Petitioner was assigned new counsel on August 13, 2019.[2] The final time extension had expired by January 2020. Still, petitioner had not filed an opposition to the State's motion. On October 13, 2020, the court issued an order granting the State's motion.

¶ 4. In relevant part, the order concluded that, assuming petitioner's trial counsel did not communicate the March 2012 plea offer to him, petitioner could neither meet his burden to prove that he would have accepted the offer, nor that the trial court would have accepted the plea

---

[1] The court noted that whether counsel communicated the offer to petitioner was disputed; however, taking the evidence in the light most favorable to petitioner, the court assumed the offer was not communicated.

[2] The counsel assigned to petitioner in August 2019 has remained his counsel since that time, including on this appeal.

2

agreement.[3] The court reasoned that because petitioner testified as to his innocence at trial, it could see no scenario in which petitioner could have admitted to the factual bases underlying the State's proposed charges. Thus, petitioner would either have had to admit that he perjured himself at trial or presented some evidence of the possibility of an Alford plea.[4] Seeing no evidence of an Alford plea, the court opined that post-conviction relief could not be based on the premise that a petitioner would have to admit to perjury in order to prevail.

¶ 5. Petitioner filed a motion to set aside the judgment on October 14, 2020, the day after the court issued its order, and filed an opposition memorandum to summary judgment on October 15, 2020. Petitioner's motion to set aside the judgment essentially argued that the seriousness of the purported error—not communicating a plea offer—necessitated a response to the State's motion for summary judgment from petitioner, including a "full and fair hearing on the matter." Petitioner did not cite a rule of civil procedure, but instead to three different rulings from this Court for the proposition that judicial economy is best served when courts allow claims before them to be decided on the merits, rather than on procedural grounds. Petitioner's opposition memorandum, in relevant part, alleged that the March 2012 plea offer was never relayed to him.

---

[3] To prevail on a claim of ineffective assistance of counsel at the plea-bargaining phase, this Court has required petitioners to "first show that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms." State v. Bristol, 159 Vt. 334, 337, 618 A.2d 1290, 1291 (1992). "Having met that burden, the petitioner must then show a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Id. at 337, 618 A.2d at 1292 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). In this context, the U.S. Supreme Court has held that, at minimum, a petitioner must show a reasonable probability that they would have accepted the plea offer and that the trial court would have also accepted the plea agreement. Missouri v. Frye, 566 U.S. 134, 147 (2012).

[4] An Alford plea refers to a U.S. Supreme Court decision allowing defendants to "consent to the imposition of a prison sentence even if [they are] unwilling or unable to admit [their] participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (1970).

3

¶ 6.    On March 29, 2021, the court issued an order denying petitioner's motion to set aside the judgment.  The court found the cases petitioner cited unpersuasive and concluded that Vermont Rules of Civil Procedure 59 and 60 were not applicable.  The court cited Courtyard Partners v. Tanner, 157 Vt. 638, 595 A.2d 287 (1991) (mem.), for the proposition that the court could engage in a balancing between petitioner's failure to timely respond to the State's motion and his relative position on the merits.  If petitioner's "position on the merits is so strong that it would be unjust to affirm the judgment," the court may excuse "even a willful" failure to respond. Id. at 639, 595 A.2d at 288.  The court then "reviewed [petitioner's] filings in order to determine whether a miscarriage of justice would result if the court declined to reopen."  The court concluded that petitioner's opposition memorandum did not present new information sufficient to change its summary judgment analysis, and that a miscarriage of justice would not result from denying his motion to reopen.

¶ 7.    On April 2, 2021, petitioner appealed to this Court from "the most recent decision in this matter, granting the State's Motion for Summary Judgment, entered on October 13, 2020." On appeal, petitioner argues that the court incorrectly concluded the March 2012 plea offer would not have been accepted by the trial court, that the court applied the wrong legal standard to petitioner's burden to show that the trial court would have accepted the plea offer, and that petitioner is entitled to specific performance as a remedy for his alleged constitutional deprivations. Petitioner does not challenge the court's March 29, 2021, order denying his motion to set aside the judgment.[5]  The State counters that petitioner waived his arguments because he failed to timely file a response to its summary judgment motion.  We agree.

¶ 8.    Petitioner waived his arguments in this appeal when he failed to timely respond to the State's motion for summary judgment.  Zlotoff Found., Inc. v. Town of South Hero, 2020 VT

_____

[5] In his original brief, petitioner mentions the March 29, 2021, order two times in passing.

4

25, ¶ 26, 212 Vt. 63, 231 A.3d 1146 (citing Progressive Ins. Co. v. Brown ex rel. Brown, 2008 VT 103, ¶ 9, 184 Vt. 388, 966 A.2d 666). Petitioner asked for, and received, three extensions of time to respond. Petitioner did not respond until ten months after the final extension expired—the day after the PCR court issued its order.

¶ 9. Furthermore, petitioner does not appeal the court's order denying his motion to set aside the judgment and reopen proceedings. He makes no argument on appeal that the court abused its discretion in doing so. In his reply brief, petitioner merely quotes a decision of this Court and asserts that the PCR court had "a fair opportunity" to analyze his claims and rule on them, thus preserving the arguments for appeal. In re Morrisville Hydroelectric Project Water Quality, 2019 VT 84, ¶ 17, 211 Vt. 233, 224 A.3d 473. However, we need not consider arguments raised for the first time in a reply brief. In re Wal–Mart Stores, Inc., 167 Vt. 75, 86, 702 A.2d 397, 404 (1997) ("[I]ssues not briefed in the appellant's or the appellee's original briefs may not be raised for the first time in a reply brief." (quotation omitted)).

¶ 10. In effect, petitioner asks this Court to review legal arguments—based on several factual allegations not in the record—that he did not make in proceedings below, while simultaneously ignoring the court's decision to refuse to set aside its judgment and admit new information in response to petitioner's motion to reopen. We decline to undertake such a review because petitioner waived these arguments when he failed to raise them in response to the summary judgment motion.

Affirmed.

FOR THE COURT:

_____
Associate Justice

5