VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-102



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

In re David Piquette\*

} APPEALED FROM:
} Superior Court, Windham Unit,
} Civil Division
} CASE NO. 22-CV-00624
Trial Judge: Michael R. Kainen

In the above-entitled cause, the Clerk will enter:

Petitioner appeals a civil division order granting both summary judgment and dismissal of his second petition for post-conviction relief (PCR). We conclude that petitioner's arguments on appeal lack merit and affirm.

In 2012, petitioner was convicted of sexual and domestic assault. This Court affirmed the conviction on appeal. State v. Piquette, No. 2013-329, 2014 WL 3714959 (Vt. July 24, 2014) (unpub. mem.). Petitioner subsequently moved to reduce his sentence in the criminal division and this Court affirmed the denial of that request in a second appeal. State v. Piquette, No. 2014-476, 2015 WL 7628666 (Vt. Nov. 19, 2015) (unpub. mem.). Petitioner then filed a PCR petition in 2014, arguing that he received ineffective assistance of counsel, asserting at least fifteen different ways that trial counsel had allegedly failed to meet a standard of reasonableness, including failing to investigate the veracity of the State's evidence, failing to investigate the victim, and failing to communicate with petitioner. The civil division considered each of the claims in detail and granted summary judgment to the State. The civil division also denied petitioner's motion to set aside judgment and reopen the proceedings. This Court affirmed on appeal. In re Piquette, 2021 VT 95, 216 Vt. 179.

In 2022, petitioner filed this second PCR petition, again alleging ineffective assistance of trial counsel. The State moved to dismiss and, alternatively, for summary judgment. The PCR court concluded that all but three of petitioner's claims were the same as those raised in petitioner's first PCR proceeding, and therefore dismissed them as successive. See 13 V.S.A. § 7134 (explaining that in PCR proceeding, "court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner"). As to the three remaining

claims, the PCR court found that two of them were essentially variants of arguments made in the first petition and therefore also subject to dismissal as successive. Petitioner's remaining claim was that the prosecutor made improper arguments in opening statements. The PCR court concluded that this argument could have been made on direct appeal and was therefore subject to dismissal under the deliberate bypass rule. In the alternative, the PCR court held that even if the three claims were new, they were an abuse of the writ because they could have been brought in the first petition and petitioner had not demonstrated prejudice. Petitioner appeals.

On appeal, petitioner first contends that, as to the three new allegations raised in the second PCR petition, the State did not properly set out a statement of undisputed facts, and therefore petitioner was not able to adequately respond to the motion. In a related argument, petitioner alleges that he did not receive notice that the court was considering granting summary judgment to the State on these claims. See V.R.C.P. 12(b) (requiring notification if motion to dismiss is converted to motion for summary judgment).

There is no merit to either argument. First, although the PCR court indicated that both dismissal and summary judgment were warranted, the PCR court's decisions that these three claims were successive, an abuse of the writ, or subject to the deliberate bypass rule, were not summary-judgment decisions that required any factual assessments. These determinations were dismissals made based on the pleadings and by taking judicial notice of the prior decisions referenced in the parties' pleadings, which was fully appropriate. See In re Russo, 2013 VT 35, ¶ 16 n.4, 193 Vt. 594 (recognizing that in deciding motion to dismiss, court can "take judicial notice of court documents and decisions referenced in complaint"); In re Blow, 2013 VT 75, ¶ 8, 194 Vt. 416 (explaining that in determining whether to dismiss case, court can consider complaint and take judicial notice of documents referenced in complaint). In any event, there was no lack of notice to petitioner that the State sought summary judgment. The State's motion clearly indicated that it was moving for both dismissal and summary judgment. The State provided a statement of undisputed facts in its motion. The PCR court provided petitioner with extensions of time and an adequate opportunity to respond, specifically indicating that the extension was to respond to the motion for dismissal and summary judgment. Moreover, petitioner's response acknowledged that it was a response to the State's motion for dismissal and summary judgment.

Petitioner next asserts that the State failed to plead abuse of the writ with the required specificity in relation to his claim that the State did not adequately store pertinent telephone records, and this prevented him from establishing a defense. Unlike dismissal of successive claims, which applies to claims brought in a prior PCR proceeding, claims in second or subsequent PCR petitions that are raised for the first time are subject to dismissal for abuse of the writ. See In re Towne, 2018 VT 5, ¶ 25, 206 Vt. 615. The State has an initial burden to plead abuse of the writ. Id. Here, petitioner's claim involving the telephone records was raised in his prior PCR proceeding and the PCR court dismissed it as successive. Therefore, the burden related to abuse of the writ did not apply and there was no error.

Petitioner's final argument is that the deliberate-bypass doctrine does not apply to his argument regarding the prosecutor's allegedly improper comments made during opening

2

statements.[*]  A PCR proceeding "is not a substitute for direct appeal," and therefore a petitioner cannot bring a claim that was deliberately bypassed on appeal.  In re Hart, 167 Vt. 630, 630-31 (1998) (mem.).  Petitioner argues that trial counsel's failure to object to the State's opening statement is not subject to the deliberate-bypass rule because ineffective assistance of trial counsel cannot be raised on direct appeal.  See In re Hernandez, 2021 VT 65, ¶ 9, 215 Vt. 375.  Petitioner's assertion that the State made prejudicial statements during opening statements is an argument that could have been but was not raised on direct appeal and is therefore subject to the deliberate-bypass rule.  Petitioner cannot avoid application of the deliberate-bypass rule by simply reframing the issue as one of ineffective assistance.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

---

[*] The PCR court alternatively held that petitioner's assertion of ineffective assistance due to failure to object during opening statement amounted to abuse of the writ because it could have been raised in the first petition and petitioner did not demonstrate cause or actual prejudice to excuse raising it.  See In re Laws, 2007 VT 54, ¶ 22, 182 Vt. 66 (providing standard for abuse of writ).  On appeal, petitioner has not presented any argument as to why this conclusion was error.

3