STATE OF VERMONT
RUTLAND COUNTY
CONFORMED COPY
JUL - 1 2008

VERMONT LEAGUE OF CITIES )
AND TOWNS PROPERTY AND CASUALTY )
INTERMUNICIPAL FUND )            **Rutland Superior Court**
                                  )            **Docket No. 490-9-06 Rdcv**
                                  )
v.                                )
                                  )
                                  )
ROBERT VANDRIEL                   )

## DECISION
### Defendant's Motion for Relief from Judgment, filed April 24, 2008

The complaint in this case alleged that a fire truck owned by the City was damaged by heat exposure while responding to two fires set in Rutland City on May 16, 2005 by Defendant. Plaintiff, an inter-municipal risk-sharing pool, sought to recover the costs of repairing the truck.

The complaint was filed on September 6, 2006, and personal service was made on Mr. Vandriel at the Marble Valley Regional Correctional Facility on September 12, 2006. Mr. Vandriel failed to file an answer or make an appearance. As a result, default judgment was entered on April 30, 2007 in the amount of $60,667.74, plus post-judgment interest. Mr. Vandriel did not appeal the default judgment.

On April 3, 2008, approximately eleven months after entry of the default judgment, Mr. Vandriel filed a Motion for Relief from Judgment and Order pursuant to V.R.C.P. 60(b)(1) and V.R.C.P. 60(b)(6). As grounds for relief, he stated that he was incarcerated and unable to retain an attorney at the time the complaint and summons were served, and that he did not understand the consequences of failing to file an answer because he was only nineteen years old at the time. He also argued that service was defective, and that he was not served with three days notice of the entry of default as required by V.R.C.P. 55(b)(4). In the Motion, Mr. Vandriel did not assert any defense to the underlying complaint.

Mr. Vandriel appears to argue generally that service of the underlying summons and complaint was defective in light of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The return of service shows that the summons and complaint were personally served on Mr. Vandriel on September 12, 2006. This is an acceptable form of service under V.R.C.P. 4(d), and Mr. Vandriel has not argued that he did not actually receive the summons and complaint.

1

Mr. Vandriel also argues that the entry of default was improper because he was not given three days notice before judgment was entered. V.R.C.P. 55(b)(4) provides for three days notice prior to the entry of default "[i]f the party against whom judgment by default is sought has appeared in the action." The rule does not apply in this case because Mr. Vandriel did not make any appearance in the action prior to the entry of default judgment.

Regarding Mr. Vandriel's request to reopen the case as a whole at this time, motions for relief from a default judgment require courts to balance the policy favoring adjudication of claims on the merits with the interest in achieving finality in litigation. 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2857, at 256–57. There is a general policy in favor of cases being decided on their merits rather than by procedural default. "A judgment by default effectively deprives a defendant of an opportunity to have the merits of his position determined through the normal adversary judicial process." *Desjarlais v. Gilman*, 143 Vt. 154, 157 (1983).

On the other hand, courts generally require the moving party to show a good claim or defense in order to avoid needlessly prolonged litigation. 11 Federal Practice & Procedure, *supra*, § 2857, at 260; cf. *Courtyard Partners v. Tanner*, 157 Vt. 638, 639 (1991) (mem.) (directing trial court to consider whether it was "clear that defendants would prevail on the merits if the defenses were established at trial"). Thus, when determining whether to grant relief from a default judgment, courts consider "whether the failure to answer was the result of mistake or inadvertence, whether the neglect was excusable under the circumstances, and whether the defendant has demonstrated any good or meritorious defense to the plaintiff's claims." *Gilman*, 143 Vt. at 157.

Mr. Vandriel's reasons for defaulting when he was originally served (that he was incarcerated and unable to retain an attorney at the time the complaint was served, and that he was too young to understand the consequences of failing to answer the complaint) do not present a strong showing of excusable neglect. See *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (stating that "neither simple incarceration nor lack of legal counsel on the particular matter at issue, by themselves, provide the requisite good cause for defaulting").

However, he may have grounds for setting aside the default judgment and reopening the case if he can show a meritorious defense to the Plaintiff's claim. 11 Federal Practice & Procedure, *supra*, § 2857, at 258–60; *Tanner*, 157 Vt. at 639. A meritorious defense is "one which raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Phipps*, 39 F.3d at 165. In this case, Mr. Vandriel has not asserted any defense to the claim that he negligently or intentionally set the fires that caused damage to the truck, and has not set forth any legal or factual basis explaining why he is not liable for the full amount of the underlying judgment. For these reasons, he has not met the second requirement at this time: the showing of a meritorious defense.

2

In order to give Mr. Vandriel the opportunity to demonstrate a meritorious defense, the court will delay final ruling on this motion for 20 days to give Mr. Vandriel time to file a supplemental brief showing a meritorious defense to the complaint.

## ORDER

Defendant Robert Vandriel is granted leave to file a supplemental brief showing a meritorious defense to the underlying complaint within 20 days.

If none is filed, the Motion will be denied. If Mr. Vandriel files a supplement, Plaintiff shall have 15 days to file a response.

Dated at Rutland, Vermont this 1st day of July, 2008.

Hon. Mary Miles Teachout
Presiding Judge

3